EL PUEBLO DE PUERTO RICO en interés del menor A.A.O.

*Número:* CE-93-475          *Resuelto:* 4 de abril de 1995

*Pedro A. Delgado Hernández, Procurador General, Carlos Lugo Fiol, Procurador General Interino y Subprocurador General, Reina Colón de Rodríguez, Subprocuradora General Interina,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar*, abogados de El Pueblo; *Francisco Acevedo Padilla*, abogado del menor imputado.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca determinar cuál Sala del Tribunal Superior —la Sala de Asuntos de Menores o la Sala de lo Criminal— debe asumir jurisdicción sobre una persona que ya ha sido encausada y convicta como adulto, y se encuentra recluida en cárcel cumpliendo pena por ello, para entender en una querella presentada contra ésta por su alegada participación, siendo menor de edad, en hechos ocurridos antes de aquellos que dieron lugar a que se le encausara como adulto.

## I

El 2 de mayo de 1990 el Tribunal Superior, Sala de Asuntos de Menores (en adelante Tribunal de Menores), ordenó al menor A.A.O. a cumplir una medida dispositiva condicional de un (1) año por haber incurrido en faltas de alteración a la paz y amenaza.

El 21 de enero de 1991 se presentaron denuncias en el Tribunal Superior, Sala de lo Criminal (en adelante Tribunal Superior), contra A.A.O. por los delitos de asesinato,[1] robo[2] y violaciones a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico,[3] motivadas por hechos ocurridos el 15 de enero de 1991, cuando el acusado tenía 17 años de edad.[4]

Comenzado el juicio, el acusado hizo alegación preacordada de culpabilidad por los delitos de homicidio,[5] robo y violaciones a la Ley de Armas de Puerto Rico. El 8 de julio de 1991 el Tribunal Superior dictó fallo de culpabilidad en su contra. Una semana después, el Procurador de Menores

---

[1] Art. 82 del Código Penal, 33 L.P.R.A. sec. 4001.

[2] Art. 173 del Código Penal, 33 L.P.R.A. sec. 4279.

[3] 25 L.P.R.A. secs. 416 y 418.

[4] No obstante la edad del acusado, las denuncias se presentaron ante el Tribunal Superior debido a que bajo la legislación vigente al momento de los hechos, el Tribunal de Menores no tenía jurisdicción para procesar un caso en el cual se le imputara "a un menor que hubiese cumplido catorce (14) años de edad la comisión de hechos constitutivos de asesinato". Art. 4 de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 L.P.R.A. sec. 2204.

[5] Art. 85 del Código Penal, 33 L.P.R.A. sec. 4004.

le solicitó al Tribunal de Menores que, a tenor con las disposiciones del Art. 5 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2205, cesara su autoridad sobre el convicto en relación con la medida dispositiva impuesta por dicho foro el 2 de mayo de 1990. El 22 de julio de 1991 dicho foro declaró con lugar la referida solicitud y ordenó que se cerrara y archivara el expediente correspondiente al menor.[6] El 4 de octubre de 1991 el convicto fue sentenciado por el Tribunal Superior a cumplir una pena de diez (10) años de reclusión por el delito de homicidio, concurrente con las penas impuestas por los otros delitos imputados.

Posteriormente, el Ministerio Público advino en conocimiento de la supuesta participación del confinado en actos delictivos ocurridos el 8 de enero de 1991, una semana antes de los hechos que motivaron su convicción como adulto.[7] Esto dio lugar a que, luego de varios trámites procesales, se acusara a A.A.O. en el Tribunal Superior por los delitos de tentativa de asesinato, robo y violaciones a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico, *supra*. El 11 de junio de 1992, llamado el caso para juicio, el Tribunal Superior, a moción de la defensa, a la cual se allanó el Ministerio Público, determinó que no tenía jurisdicción para entender en el asunto debido a que al acusado se le imputaban faltas cometidas cuando éste era menor de 18 años, desestimó las acusaciones y ordenó el traslado del expediente en cuestión al Tribunal de Menores, a tenor con lo dispuesto en la Regla 2.17 de Menores, 34 L.P.R.A. Ap. I-A.

---

[6] En torno a esta orden es que gira uno de los planteamientos principales del Procurador General. Este alega que el cese de autoridad solicitado y ordenado fue únicamente en relación con la medida dispositiva que el Tribunal de Menores le había impuesto al menor por las faltas de amenaza y alteración a la paz, por lo que el Tribunal de Menores, posteriormente, no podía utilizar esta orden como uno de los fundamentos para determinar que no tenía jurisdicción sobre la persona del menor en cuestión.

[7] Surge del expediente que dicha información se obtuvo de una confesión que le hizo A.A.O. a otro convicto.

El 29 de julio de 1992 el Procurador de Menores, motu proprio, presentó una moción ante el Tribunal Superior en la que informó a dicho foro que el menor A.A.O. había sido acusado anteriormente y convicto como adulto y que, por ello, el Tribunal de Menores había cesado en su autoridad sobre el menor. Además, le solicitó al Tribunal Superior que exigiese la devolución del expediente del menor para que continuaran los procedimientos en el Tribunal Superior. Luego de celebrar una vista para discutir la referida moción, el 19 de agosto de 1992 el tribunal la denegó y determinó que, habiéndose trasladado el expediente al Tribunal de Menores, no tenía ya jurisdicción para entender en el asunto. Ello, no obstante, surge de la minuta de dicha vista que el tribunal resolvió, además, que

> ... el Art. 5 de la Ley de Menores, lo que habla [es] de cese de autoridad en cuanto a medida dispositiva, o sea cese de supervisión, no a cese de jurisdicción. En este caso estos hechos son cometidos con anterioridad, supuestamente a los otros hechos en que, [el menor] fue juzgado y convicto cuando era menor de edad y entiend[o] que el Tribunal [de Menores] tiene [que] afirmativamente renunciar a la jurisdicción [en] estos casos para [que este Tribunal pueda] entender con los mismos. Distinto hubiese sido que habiendo sido juzgado como adulto, por habérsele renunciado la jurisdicción o no haber tenido jurisdicción, el Tribunal de Menores como adulto, a pesar de que hubiese cometido otros hechos distintos posteriores, siendo aún menor, que entonces este Tribunal de adultos, conservaba la jurisdicción. Apéndice VIII de la Petición de *certiorari*, pág. 10.

El 2 de septiembre de 1992 el Ministerio Público pidió reconsideración del dictamen emitido. Alegó, en esencia, que un menor que ha sido convicto como adulto no puede ser posteriormente supervisado por el Tribunal de Menores puesto que "la condición de adulto opera estatutariamente y es irreversible en [lo referente a la materia de] jurisdicción en cuanto a la responsabilidad social de [la] persona". Apéndice VIII de la Petición de *certiorari*, pág. 14. El 16 de septiembre el Tribunal Superior denegó la referida moción por encontrarse el caso ya ante el Tribunal de Menores.

Luego de presentadas las correspondientes querellas ante el Tribunal de Menores, el 12 de abril de 1993 el Procurador de Menores le solicitó a dicha sala que renunciara a su jurisdicción sobre el imputado por entender que la gravedad de las faltas imputadas así lo justificaba.

El 26 de abril de 1993 el Tribunal de Menores emitió la resolución siguiente:

> Surge de autos que el pasado 9 de julio de 1991 este Tribunal emitió una Orden dando por terminada su autoridad sobre el menor de epígrafe. De igual forma tomamos conocimiento judicial que el pasado 4 de octubre de 1991 el [Tribunal Superior] dictó sentencias de presidio contra [A.A.O.] denegando expresamente el beneficio de sentencia suspendida.
>
> En [a]tención a lo dispuesto en el Art. 5 de la [Ley de Menores] nos declaramos sin jurisdicción para continuar ventilando procedimientos contra [A.A.O.], independientemente de la fecha en que supuestamente ocurrieron tales hechos.

Inconforme con dicha determinación, el Procurador General recurrió al Tribunal de Apelaciones, Sección Norte, mediante Solicitud de *certiorari*[8] y planteó como único error lo siguiente:

> Erró el Tribunal Superior, Asuntos de Menores, al concluir que no tenía jurisdicción sobre el imputado sin tomar en consideración la fecha en que ocurrieron los hechos imputados en la querella. Petición de *certiorari*, pág. 3.

El expediente fue posteriormente referido al Tribunal de Apelaciones, Sección Sur, y el 10 de agosto de 1993 dicho foro ordenó que se elevaran los autos de los casos correspondientes. Luego, el expediente nos fue referido para nuestra consideración.

Luego de complicados trámites procesales,[9] el Procura-

---

[8] Cabe señalar que lo correcto hubiese sido que se presentara un escrito de apelación, puesto que la resolución de la cual se recurre es de carácter final. Art. 36 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2236.

[9] Luego de elevado el expediente del caso ante este Tribunal, el Lic. Francisco Acevedo Padilla presentó una moción en la que nos informó que aunque había representado al acusado anteriormente, no era el representante legal del acusado para los

dor General presentó su alegato el 19 de julio de 1994 y planteó, en síntesis, lo siguiente:

(1) Que erró el Tribunal de Menores al basar su determinación de falta de jurisdicción en la orden de cese de autoridad que emitiera el 22 de julio de 1991 y las disposiciones del Art. 5 porque dichos términos no significan lo mismo;

(2) que la querella presentada contra el menor en el caso de marras pertenece a la jurisdicción del Tribunal de Menores porque ésta no se encuentra comprendida entre las modalidades de exclusión de jurisdicción enumeradas en la Ley, y

(3) que, como el criterio rector que determina cuál Sala del Tribunal Superior tiene jurisdicción en un caso que envuelve un menor es la fecha en que se cometió la falta, y la fecha de la falta imputada en el caso de marras es anterior a la fecha del delito por el cual A.A.O. fue procesado y convicto como adulto, el Tribunal de Menores debe asumir jurisdicción sobre A.A.O. en esta ocasión. Alegato del Procurador General, págs. 3, 5 y 9.

El 12 de agosto de 1994 el representante legal del acusado presentó una moción para allanarse a los planteamientos esbozados por el Procurador General en su alegato.

Pasamos ahora a resolver la controversia ante nos, teniendo en cuenta que lo que tenemos que decidir aquí es si, esencialmente, respecto a los hechos delictivos de 8 de enero de 1991, el menor en cuestión debe ser encausado mediante un procedimiento cuyo propósito sea rehabilitador o uno en que se le juzgue como adulto, con la correspondiente imposición de penas más severas. Para ello debemos atender también los tres planteamientos esenciales esbozados por el Procurador General en su alegato, no sólo porque es éste el que viene obligado a defender tanto los intereses del menor como los del Estado, sino porque nos preocupa, además, la inusitada disparidad de criterios esbozados por los representantes del Estado en relación con

trámites apelativos. Luego de varias comparecencias presentadas por éste y por el Procurador General en relación con la representación legal del acusado, el 21 de enero de 1994, mediante resolución, le informamos al licenciado Acevedo Padilla que, mientras no fuese relevado de la referida representación legal por el Tribunal de instancia, continuaba siendo responsable por la representación legal del acusado.

el menor A.A.O. en sus diversas comparecencias ante las diferentes salas judiciales que entendieron en este caso en el nivel de instancia.

## II

Atendemos, en primer lugar, los planteamientos del Procurador General relativos a las diferencias entre la "jurisdicción" y la "autoridad" del Tribunal de Menores.

El Procurador General alega, en esencia, que la "autoridad", como se define en el Art. 5 de la Ley de Menores de Puerto Rico, (en adelante Ley), se refiere únicamente al poder de supervisión del Tribunal de Menores sobre un menor transgresor en relación con la medida dispositiva impuesta en su caso, y que la conclusión de ésta, por sí sola, no puede privar al Tribunal de Menores de asumir jurisdicción posteriormente sobre una querella presentada por faltas cometidas por el menor en cuestión, conforme al Art. 4 de la Ley. Aduce éste que, de lo contrario, el mecanismo de cese de autoridad sería equivalente a una renuncia de jurisdicción a priori, pero sin los requisitos del debido procedimiento de ley enumerados en el Art. 15 de la Ley, *supra*, 34 L.P.R.A. sec. 2215. Por ello alega que al momento de presentarse la querella por los hechos ocurridos el 8 de enero de 1991, el Tribunal de Menores había perdido únicamente su autoridad sobre el menor A.A.O. en relación con la medida dispositiva que el menor se encontraba cumpliendo por las faltas de alteración a la paz y amenaza. No así su jurisdicción para entender en otras querellas que pudieran ser presentadas contra A.A.O. posteriormente, no relacionadas con los hechos que dieron lugar a que éste fuera encausado como adulto.[10]

---

[10] En otras palabras, lo que pretende el Procurador General en el caso de marras es que el Tribunal de Menores asuma jurisdicción sobre el menor y posteriormente renuncie a ella, si así lo desea, mediante el mecanismo de renuncia de jurisdicción.

El planteamiento formulado por el Procurador General es evocativo de una preocupación que existía en relación con el lenguaje de la antigua Ley de Menores, Ley Núm. 97 de 23 de julio de 1955; en particular, con las disposiciones relacionadas con los mecanismos de renuncia de autoridad y de renuncia de jurisdicción de los Arts. 3 y 4 de la citada ley, respectivamente. El informe preparado por el Comité de Justicia Juvenil de la Conferencia Judicial de Puerto Rico (en adelante Comité) en 1980 revela que algunos jueces y abogados del país opinaban que el mecanismo de renuncia de autoridad que existía entonces era igual al de renuncia de jurisdicción coexistente, pero con unos criterios más laxos, por lo que el juez podía utilizar el de renuncia de autoridad para exponer al menor en cuestión a que se le procesara como adulto por faltas cometidas luego de cumplir dieciséis (16) años de edad, en lugar de dieciocho (18), como lo exigía el mecanismo de renuncia de jurisdicción.[11] Informe del Comité de Justicia Juvenil, San Juan, Conferencia Judicial de Puerto Rico, octubre de 1980, pág. 108. A juicio del Comité, el mecanismo de renuncia de autoridad sobre el menor debía tener únicamente el efecto de terminar con la supervisión del Tribunal de Menores sobre el menor incurso en falta, en relación con la disposición hecha en el correspondiente caso.[12]

Por ello, el Comité propuso que, en relación con este artículo, se sustituyera el término *"renuncia* de autoridad" por el de *"cese* de autoridad" (Informe del Comité de Justi-

---

[11] Para una explicación más detallada de esta interpretación véase E. Bayouth Babilonia, *El tratamiento del menor delincuente en Puerto Rico*, 37 (Núm. 4) Rev. Jur. U.P.R. 677,698 (1968).

[12] Es decir, la renuncia de autoridad produce únicamente el efecto de dejar de brindar al menor los servicios de supervisión, orientación o rehabilitación que se le venían prestando como consecuencia de la adjudicación hecha en su caso. Si el menor a quien se le cesó la autoridad comete nueva falta, y no ha cumplido dieciocho (18) años, deberá ser procesado ante el Tribunal de Menores a menos que se renuncie la jurisdicción. Informe del Comité de Justicia Juvenil, San Juan, Conferencia Judicial de Puerto Rico, octubre de 1980, pág. 109.

cia Juvenil, *supra*, págs. 110, 233);(¹³) y, en la alternativa, presentó un anteproyecto de ley con un lenguaje distinto cuyo propósito era establecer la diferencia entre ambos términos. El lenguaje de los artículos pertinentes que se encontraba vigente a la fecha en que se cometieron los actos imputados a A.A.O. era esencialmente idéntico al propuesto por dicho Comité.(¹⁴)

▮▮▮▮▮ En relación con la jurisdicción del Tribunal de Menores, el Art. 4 de la Ley, *supra*, que se encontraba vigente a la fecha de los hechos imputados(¹⁵) disponía lo siguiente:

*Sec. 2204. Jurisdicción del Tribunal*
  *El Tribunal tendrá autoridad para conocer de*:
  (a) Todo caso en que se impute a un menor conducta que constituya falta, incurrida antes de éste haber cumplido dieciocho (18) años de edad. Dicha autoridad estará sujeta al período

---

(¹³) Entre sus recomendaciones, el Comité de Justicia Juvenil propuso lo siguiente:
  25. Se recomienda la eliminación del término "renuncia de autoridad" de la ley vigente. En su lugar debe utilizarse el término "cese de autoridad" expuesto en relación con la medida dispositiva impuesta en el caso, ya que es ésta la que determina el tipo y duración de la supervisión del tribunal.

  .    .    .    .    .    .

  28. Debe disponerse para que se dé por cesada la autoridad del tribunal, además de alcanzar el menor los veintiún (21) años, al terminar el período máximo de la medida dispositiva establecido en la ley para la falta cometida por el menor, al finalizar el término de la medida impuesta en su caso en particular, o en un término menor al impuesto en la medida dispositiva si el menor se hubiere rehabilitado o si mediaren circunstancias que lo justifiquen. Informe del Comité de Justicia Juvenil, *supra*, págs. 233–234.

  (¹⁴) Véanse: H. Quiñones Echevarría, *La reforma del sistema de justicia juvenil en Puerto Rico: Ley Núm. 88 de 9 de julio de 1986*, 48 (Núm. 1) Rev. C. Abo. P.R. 79, 80 (1987); Comité de Legislación, *Algunos comentarios en torno a la Ley de Menores, Ley 88 de 9 de julio de 1986*, 98–99 Rev. Der. Pur. 311, 313 (1986–1987).

  (¹⁵) Reiteradamente hemos resuelto que los procedimientos de menores se rigen sustantivamente por la ley que esté vigente al momento de la comisión de la falta imputada, no por la vigente al momento en que comiencen los procedimientos. Esta norma prohíbe que se aplique retroactivamente una disposición sustantiva de ley que no estuviese vigente a la fecha en que se cometió la falta imputada, para evitar que el menor imputado sea procesado " 'bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que se perpetraron los hechos imputados en la acusación' ". *Pueblo en interés menor F.R.F.*, 133 D.P.R. 172, 180 (1993). Véanse, además: *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114 (1980); *Pueblo v. Andújar*, 80 D.P.R. 822 (1958).

prescriptivo dispuesto en las leyes penales para la conducta imputada.

(b) Cualquier asunto relacionado con menores según dispuesto mediante ley especial, confiriéndole facultad para entender en dicho asunto.

*El Tribunal no tendrá autoridad para conocer de*:

(a) Todo caso en que se impute a un menor que hubiere cumplido catorce (14) años de edad la comisión de hechos constitutivos de asesinato.

(b) Todo caso en que se impute a un menor que hubiere cumplido catorce (14) años de edad hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato.

(c) Todo caso en que se impute a un menor que hubiere cumplido catorce (14) años de edad hechos constitutivos de delito cuando se le hubiese adjudicado previamente un asesinato como adulto.

En todos los casos contemplados en los incisos (a) a (c) de esta parte el menor será procesado como adulto.

La sala de lo criminal del Tribunal General de Justicia *conservará su jurisdicción sobre el menor aun cuando haga alegación de culpabilidad o medie convicción por un delito distinto al asesinato.*

Cuando un magistrado determine la existencia de causa probable por un delito distinto al asesinato, éste y cualquier otro delito que surgiere de la misma transacción se trasladará al tribunal que ejerza su autoridad bajo las disposiciones de este Capítulo y éste retendrá y conservará jurisdicción según se dispone en la sec. 2205 de este título. (Énfasis suplido.)[16]

■ A su vez, el Art. 5 de la Ley, que continua vigente, dispone así:

*Sec. 2205. Duración de la autoridad del Tribunal*:

El Tribunal conservará su autoridad sobre todo menor sujeto a las disposiciones de este Capítulo hasta que cumpla la edad de veintiún (21) años, *a menos que mediante orden al efecto dé por terminada la misma.*

---

[16] La segunda parte de este artículo fue enmendado posteriormente para aumentar la edad en los párrafos (a) al (c) de catorce (14) a quince (15) años; para sustituir el referido delito por el de "asesinato en primer grado mediante deliberación y premeditación", y para disponer que el Tribunal Superior conservará jurisdicción sobre un menor al cual el Tribunal de Menores le hubiere renunciado la jurisdicción, aun cuando "en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable". Art 2 de la Ley, 34 L.P.R.A. sec. 2204.

*En todos los casos en que un menor, estando aún bajo la autoridad del Tribunal, sea procesado y convicto como adulto, el Tribunal perderá automáticamente su autoridad sobre dicho menor.* La sala de lo criminal del Tribunal General de Justicia vendrá obligada a imponer al menor que fuere procesado y convicto como adulto el cumplimiento de cualquier condición de la medida dispositiva que dictó el Tribunal y que el menor no hubiere cumplido, sujeto a la fecha en que éste cumpla los veintiún (21) años de edad. (Énfasis suplido.)

■ Por otro lado, el mecanismo de renuncia de jurisdicción existente no sólo requiere la celebración de una vista antes de que el Tribunal de Menores renuncie a su jurisdicción sobre un menor sino que, además, establece una serie de criterios que el Tribunal tiene que considerar para cumplir con las garantías del debido proceso de ley. Art. 15 de la Ley, *supra*.[17]

■ Todo lo anterior revela, pues, que existe una diferencia entre ambos conceptos, a pesar de que la legislación pertinente los usa laxamente de manera indistinta. El concepto "jurisdicción" en el ordenamiento jurídico de menores alude a la facultad esencial del Tribunal de Menores para entender en procesos contra éstos. Está relacionado propiamente con la cuestión de si el menor debe ser encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal. Por otro lado, el concepto "autoridad" en este ordenamiento se refiere propiamente a la supervisión, detención o custodia del menor que asume el Estado como *parens patriae*, mientras a éste se le encausa y luego de que se ha determinado que está incurso en la comisión de una falta. Así, pues, surge claramente de los referidos artículos de la ley que el Tribunal de Menores pierde "jurisdicción" cuando los actos imputados al menor ocurren después de éste haber cumplido 18 años; o si se le imputa

---

[17] Anteriormente hemos resuelto que es indispensable cumplir con todos los requisitos de los procedimientos contra un menor, por la magnitud del traslado entre la Sala de Asuntos de Menores y la Sala de lo Criminal y por los efectos serios que éste conlleva. *Pueblo en interés menor R.H.M.*, 126 D.P.R. 404 (1990); *Kent v. United States*, 383 U.S. 541 (1966).

la comisión de un asesinato y hubiese cumplido 14 años. En cambio, cesa la "autoridad" del tribunal sobre el menor cuando cumple 21 años de edad o cuando, por cualquier motivo, ha sido procesado y convicto como adulto. Conforme la ley, puede darse el caso de un menor que, habiendo cumplido 18 años, está todavía bajo la autoridad del Tribunal de Menores —por razón de estar cumpliendo una medida dispositiva impuesta antes— y a quien entonces se le imputa la comisión de un delito. A este menor se le procesará como adulto por el nuevo delito, ya que el Tribunal de Menores carece de jurisdicción pero, si resultara no culpable o se le archivara la acusación por el nuevo delito, el Tribunal de Menores continuaría con su autoridad sobre el menor a los fines del cumplimiento de la anterior medida dispositiva.[18]

En fin, aunque ambos términos están íntimamente relacionados, éstos no son análogos puesto que se refieren a etapas distintas del proceso: la jurisdicción determina quién debe ser encausado dentro del sistema de justicia juvenil y la autoridad define el tipo y la duración de la medida impuesta una vez se determine que éste se encuentra incurso en falta. Existen ocasiones en que un evento puede afectar tanto la autoridad como la jurisdicción del Tribunal de Menores. Así es el caso de un menor que cumple 21 años de edad, cuando ambas cesan. Pero, por otro lado, existen circunstancias que pueden afectar la autoridad del Tribunal de Menores sin limitar su jurisdicción para entender en una nueva querella que sea presentada en relación con ese menor. Por ejemplo, en el caso en que la autoridad del Tribunal de Menores sobre un menor cesa porque el término de la medida dispositiva impuesta ha terminado, el Tribunal de Menores podría asumir jurisdicción posteriormente sobre el menor para entender en

---

[18] D. Nevares-Muñiz, *Derecho de Menores*, Hato Rey, Ed. Inst. Desarrollo del Derecho, 1987, págs. 32–33.

una nueva querella presentada contra éste por faltas cometidas siendo aún menor, conforme lo dispuesto en el Art. 4 de la Ley, *supra.*

Siendo ello así, tiene razón el Procurador de Menores al decir que cuando el Tribunal emite una orden de cese de autoridad sobre un menor, dicha orden, como regla general, tiene efecto únicamente sobre la duración de la supervisión del tribunal sobre el cumplimiento de una medida dispositiva en particular, no sobre la persona del menor en asuntos posteriores. Dicha orden no tiene el efecto, *por sí sola,* de poner fin a la jurisdicción del Tribunal de Menores para entender en otras querellas.

No tiene razón el Procurador de Menores, sin embargo, en que ello sea dispositivo en su totalidad del asunto ante nos. Como señalamos anteriormente, pueden darse casos en que el cese de autoridad haya sido provocado por circunstancias que incidan también sobre la jurisdicción del Tribunal de Menores en etapas futuras. Tal es la situación en el caso ante nos ahora.

En este caso, el Procurador de Menores le solicitó al Tribunal de Menores que cesara en su autoridad sobre el menor *luego de que éste fuera convicto como adulto*, tal como lo dispone el Art. 5 de la Ley, *supra.* Esto significa que, en este caso, el cese de autoridad o supervisión sobre el menor A.A.O. estuvo motivado porque su condición de adulto —por haber sido tratado y convicto como tal por disposición de ley— provocó que éste no pudiese continuar sujeto a la supervisión o autoridad del Tribunal de Menores en relación con las faltas de alteración a la paz y amenaza. Pero, a diferencia de lo que alega el Procurador de Menores, este evento, como discutiremos más adelante, marcó *además* el fin de la jurisdicción del Tribunal de Menores sobre A.A.O., puesto que su condición de adulto, que dio acceso al procedimiento criminal en su contra, era irreversible y era un hecho determinado con finalidad estatutaria.

La cuestión que tenemos que resolver ahora, pues, no es únicamente cuál era el alcance de la orden de cese de autoridad emitida por el Tribunal de Menores el 22 de julio de 1991 en relación con la querella posteriormente presentada por los hechos ocurridos el 8 de enero de 1991, sino si el Tribunal de Menores podía asumir o no jurisdicción nuevamente sobre A.A.O., luego de que fuese encausado y convicto como adulto.

## III

El Procurador de Menores alega que la querella presentada contra el menor en el caso de marras pertenece a la jurisdicción del Tribunal de Menores porque ésta no se encuentra comprendida entre las modalidades de exclusión de jurisdicción dispuestas en la Ley, ya que la convicción como adulto contra el menor en cuestión fue por un delito distinto al de asesinato.

Como señaláramos anteriormente, el Art. 4 de la Ley, *supra*, disponía que el Tribunal de Menores tenía jurisdicción para entender en cualquier querella que le imputara a un menor una falta incurrida antes de éste haber cumplido 18 años de edad, excepto cuando se le acusara a un menor que hubiese cumplido los 14 años de edad por el delito de asesinato o cualesquiera delitos que surgieren de la misma transacción o evento que el asesinato, y toda acusación contra un menor que hubiese cumplido 14 años de edad, cuando a éste se le hubiese adjudicado anteriormente un asesinato como adulto. Si esto hubiese sido lo único dispuesto en el referido artículo, tendría razón el Procurador de Menores en su planteamiento, puesto que las querellas presentadas contra el menor A.A.O. por los delitos de tentativa de asesinato, robo y violaciones a la Ley de Armas de Puerto Rico claramente no caían bajo ninguna de las 3 exclusiones enumeradas en los referidos incisos (a)–(c), ya que que ni se le acusó por el delito de

asesinato ni otro delito que surgiera de los mismos hechos, ni se le había "adjudicado previamente un asesinato como adulto", sino un homicidio. Sin embargo, dicho artículo contenía, además, unos párrafos finales que son aplicables a situaciones como las del caso de autos. Lo dispuesto allí claramente obligaba al Tribunal Superior a retener su jurisdicción sobre un menor que, *habiéndosele acusado por el delito de asesinato u otros delitos que surgieren del mismo evento*, se le hubiese encontrado culpable por un delito distinto (e incluso inferior) al de asesinato.[19]

■ Nos parece que el aludido esquema surge razonablemente de una interpretación contextual de las disposiciones estatutarias pertinentes. De cualquier modo, de existir dudas sobre el particular, como parece haberlas tenido el Ministerio Público, en relación con lo que dispone la Ley respecto a las respectivas jurisdicciones de las Salas de Asuntos de Menores y de lo Criminal, resolvemos[20] que el Tribunal de Menores no podía, bajo las anteriores disposiciones de la Ley, asumir jurisdicción sobre un caso en que la propia ley le había conferido dicho poder al Tribunal Superior y éste aún conservaba su jurisdicción sobre el sujeto en cuestión al momento en que se presentó una nueva querella en su contra. Bajo las citadas disposiciones, una vez se acusara ante el Tribunal Superior a un menor que hubiese cumplido los 14 años por el delito de asesinato u

---

[19] De igual manera, como discutimos anteriormente, el Art. 5 de la Ley, 34 L.P.R.A. sec. 2205, dispone que el Tribunal de Menores pierde su autoridad sobre el menor cuando éste es procesado y convicto como adulto por cualquier delito. Le impone al Tribunal Superior la obligación de velar por el cumplimiento de cualquier medida impuesta al convicto anteriormente por el Tribunal de Menores. Este esquema requiere, pues, que en situaciones como la de marras, tanto la autoridad como la jurisdicción del Tribunal de Menores cedan ante la del Tribunal Superior, aun cuando el menor se encuentre sujeto a la jurisdicción del Tribunal Superior en relación con una convicción por un delito distinto al de asesinato.

[20] Cuando una disposición estatutaria no es clara, como parece ser el caso de los citados artículos de la Ley de Menores de Puerto Rico, es deber de este Tribunal llenar las lagunas que hubiesen y armonizar aquellas disposiciones que estén o parezcan estar en conflicto. Art. 7 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 7; *P.P.D. v. Gobernador*, 111 D.P.R. 8 (1981).

otros delitos que surgieran del mismo evento que el asesinato, el Tribunal de Menores podía asumir jurisdicción sobre el menor posteriormente, únicamente si un magistrado determinaba que no existía causa probable para encausar por el delito de asesinato o que existía causa probable por un delito distinto, y lo devolvía al Tribunal de Menores para que atendiera las querellas por los otros delitos; o el menor salía absuelto de los cargos imputádoles. Pero, una vez la Sala de lo Criminal del Tribunal Superior determinaba que existía causa probable por el delito de asesinato, ésta conservaba su jurisdicción sobre el menor, aún cuando terminado el juicio se le encontrara culpable por un delito distinto al asesinato.

A base de ello, la orden dando por terminada la autoridad del Tribunal de Menores sobre A.A.O. surtía efecto sobre su persona y no únicamente sobre la querella específica. Ello porque el cese de autoridad se debía a que el menor había pasado a la jurisdicción del Tribunal Superior y no a que el Tribunal de Menores lo hubiese relevado de cumplir totalmente con cierta medida dispositiva.

■ Nuestra decisión responde no sólo al texto de las disposiciones aplicables, sino al sentir que permea el sistema de justicia juvenil de que cuando un menor ha sido procesado como adulto continúa siendo un adulto para efectos de dicho sistema y la determinación de su condición de adulto es irreversible, sea ésta estatutaria o discrecional.[21]

---

[21] Este criterio ya lo habíamos intimado antes en nuestra decisión en *Pueblo v. Figueroa González*, 95 D.P.R. 98, 107 (1967), donde dijimos que "[u]na vez que [el Tribunal de Menores] renunció su autoridad en cuanto a las acusaciones graves, dejando que el apelante fuera tratado como un adulto, bajo la filosofía que rige al Tribunal de Menores ningún fin se cumplía con seguir considerando al apelante como un niño a los fines de la acusación menos grave".

Este sentir resulta también evidente en la enmienda que hizo la Ley Núm. 19 de 11 de junio de 1991 al Art. 4 de la Ley, *supra*. Ésta dispone que el Tribunal Superior conservará jurisdicción sobre un menor al que se le archiven los cargos o sea encontrado no culpable mediante un procedimiento criminal como adulto, cuando a éste se le haya procesado como adulto como resultado de que el Tribunal de Menores hubiese renunciado a su jurisdicción sobre el menor. 34 L.P.R.A. sec. 2204.

# IV

Nos queda resolver qué efecto, si alguno, debe tener sobre la jurisdicción del Tribunal de Menores el hecho de que la falta imputada ocurriera previo a la que motivó que A.A.O. fuera convicto como adulto.

El Procurador de Menores alega que el criterio rector para determinar qué Sala debe asumir jurisdicción sobre un menor es la fecha en que se cometió la falta imputada y no la fecha en que comienza el proceso, conforme lo resuelto en *Pueblo en interés menor F.R.F.*, 133 D.P.R. 172 (1993), y que por ello es el Tribunal de Menores el que debe asumir jurisdicción sobre el menor en relación con la falta alegadamente cometida antes del delito por el cual el menor fue procesado y convicto como adulto.

██ En *Pueblo en interés menor F.R.F.*, supra, reiteramos que el poder del Tribunal de Menores para asumir jurisdicción sobre un menor depende de la fecha en que alegadamente se cometió la falta y no de aquella en que comenzó el proceso o en que dicha corte adquirió jurisdicción sobre el menor incurso. Dicha norma se refiere a que es la edad que tenía el imputado cuando se cometió la alegada falta la que determina su condición de menor, no la edad que tuviese cuando comenzó el procedimiento en su contra.[22] Debe notarse, sin embargo, que esa decisión nuestra no trataba con la singular conjunción de hechos que se da en el caso de autos. Lo resuelto allí no significa que el Tribunal de Menores deba asumir jurisdicción sobre un menor por encima de la jurisdicción que ha asumido ya

---

[22] Como dijéramos en *Pueblo ex rel. L.V.C.*, supra, págs. 120–121:

"Es la edad del 'niño' en la fecha de la alegada falta cometida lo que determina si le es aplicable el procedimiento relativo a menores establecido en dicha ley. Si, como en este caso, aún no había cumplido diez y ocho años, le eran aplicables las disposiciones de la Ley de Menores no importa que el procedimiento se iniciara después de haber alcanzado esa edad. .:. En ese caso, el tribunal conservará su supervisión sobre el menor hasta que éste cumpla 21 años de edad." Véanse, además: *Irizarry v. Tribunal de Distrito*, 72 D.P.R. 189 (1951); *Pueblo v. Andújar*, 80 D.P.R. 822 (1958).

el Tribunal Superior sobre éste, por el mero hecho de que la nueva falta imputada haya ocurrido antes de la que motivó su encarcelamiento como adulto.[23]

■ Anteriormente hemos resuelto que el sistema de justicia juvenil creado por la Ley Núm. 88 de 9 de julio de 1986 está caracterizado por un "enfoque ecléctico" que le impone al Estado la tarea de armonizar su responsabilidad como *parens patriae* de velar por el interés de rehabilitación del menor transgresor, con su deber de responsabilizar a éste por sus actos. Exposición de Motivos de la Ley, *supra*, 1986 Leyes de Puerto Rico 284, 285–286; Art. 2 de la Ley, *supra*, 34 L.P.R.A. sec. 2202; *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 D.P.R. 990 (1993); *Pueblo en interés menor R.H.M.*, 126 D.P.R. 404 (1990); *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443, 457–458 (1989). Conforme ello hemos resuelto, además, que el tratamiento rehabilitador es preferible, como regla general, sobre el procedimiento como adulto. *Pueblo en interés menor R.H.M*, supra, pág.

---

[23] En *Pueblo v. Agosto Vázquez*, 112 D.P.R. 57 (1982), nos enfrentamos también a un caso en el cual, debido a la particularidad de los hechos, permitimos que se juzgara al acusado ante el Tribunal Superior por un delito que, como regla general, debió haber sido presentado inicialmente ante el Tribunal de Menores. En aquel caso, la acusación se había presentado erróneamente ante el Tribunal Superior mientras el acusado aún era un menor pero, por culpa del propio acusado —quien en más de una ocasión huyó de nuestra jurisdicción— el tribunal no pudo corregir el error antes de que éste cumpliera 21 años. Al percatarse de dicho error, ordenó el archivo de las acusaciones por ser de la jurisdicción del Tribunal de Menores, el cual no la había asumido dentro del término dispuesto en ley. Este Tribunal revocó esa determinación y resolvió de la manera siguiente:

Nuestro ordenamiento jurídico no requiere tan peregrino resultado, en el que se le confiere a un adulto inmunidad absoluta de que se le juzgue en tribunal alguno por la comisión de un alegado asesinato, cuando él mismo es responsable de que el caso no se sometiese a tiempo a la Sala de Asuntos de Menores. Íd., pág. 58.

En el caso de marras, el convicto participó en hechos delictivos que, por disposición estatutaria, lo exponían a ser tratado como adulto, sólo una semana después de haber cometido la falta que debió ser tratada ante el Tribunal de Menores. El acusado no debe beneficiarse del hecho de que el Ministerio Público no adviniese en conocimiento de los hechos ocurridos en orden cronológico. Lo cierto es que, aun si se hubiesen presentado las querellas por estas faltas ante el Tribunal de Menores anteriormente, el correspondiente procedimiento o la medida dispositiva impuesta con mayor probabilidad hubiese sido supervisada por el Tribunal Superior, debido a la posterior participación del acusado en hechos por los cuales se le acusó por el delito de asesinato.

417. Sin embargo, también hemos resuelto que el menor debe responder ante los tribunales ordinarios cuando el Tribunal de Menores no pueda ya rehabilitarle utilizando los servicios disponibles a dicho sistema. Íd. Esto es así porque en aquellos casos en que sea claro que el propósito rehabilitador de la Ley no se cumplirá —ya sea porque este hecho se haya determinado mediante providencia judicial o por disposición estatutaria— dicha finalidad debe ceder ante el propósito de responsabilizar al menor por su conducta delictiva.[24]

En el caso de marras, el menor imputado se encuentra cumpliendo una pena de 10 años de reclusión como adulto, que comenzó a decursar cuando éste ya tenía 18 años de edad. Resulta claro que el Tribunal de Menores no puede imponer ya una medida rehabilitadora bajo su autoridad o supervisión. Poco importa que el delito que se le imputa ahora haya ocurrido antes del que motivó dicha convicción —especialmente en el caso de marras, en que ambas faltas ocurrieron con tan sólo una semana de diferencia— puesto que, de asumir el Tribunal de Menores jurisdicción sobre A.A.O. en este caso, estaría incapacitado posteriormente para supervisar cualquier medida dispositiva que pudiera imponerle bajo la Ley. El caso de marras es, pues, una de esas excepciones en que el Tribunal de Menores no puede tratar al menor bajo su jurisdicción.

Por otro lado, el Art. 5 de la propia Ley, *supra*, claramente dispone que es la autoridad del Tribunal de Menores la que se debe interrumpir ante la posibilidad de que el menor tenga que responder ante los tribunales ordinarios, no viceversa. La fecha de la falta imputada es, pues, esen-

---

[24] En *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443, 460 (1989), reconocimos que la Ley de Menores de 1986 limitó la jurisdicción del Tribunal de Menores "al procesamiento por conducta que, de tratarse de un adulto, sería considerada delito", y que "al limitarse así su alcance [el sistema de justicia juvenil] ha adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley".

cial para determinar si el imputado era o no menor para efectos de su responsabilidad por actos delictivos. No le confiere, por sí sola, jurisdicción al Tribunal de Menores para atender las faltas imputadas al menor. La jurisdicción de dicho tribunal claramente está limitada a aquellos casos en que el menor imputado no se encuentre ya sujeto a la autoridad de los tribunales ordinarios.

Por los fundamentos antes expuestos, *se dictará sentencia para confirmar la resolución dictada por el Tribunal Superior, Asuntos de Menores, Sala de Bayamón, el 26 de abril de 1993.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita.