El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Nuevamente, nos enfrentamos a una controversia en que una persona mayor de edad es imputada de una conducta delictiva presuntamente ocurrida cuando era menor. En esta ocasión, debemos determinar si la Sala de Asuntos de Menores del Tribunal de Primera Instancia debe analizar los factores establecidos en el Art. 15 de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 LPRA see. 2215, para determinar si procede renunciar a su jurisdicción, según lo resuelto en Pueblo v. Villafañe Marcano, 183 DPR 50 (2011). Por concluir en la negativa, revocamos al tribunal recurrido y ordenamos el traslado del caso a la Sala de lo Criminal del foro primario para la continuación de los procedimientos.
*235 I
El 5 de julio de 1997, el Sr. Porfirio Bezares Torres fue asesinado en su residencia ubicada en el Barrio Jaguar del Municipio de Gurabo. Por esos hechos, el 25 de mayo de 2007, el Ministerio Público presentó ante el Tribunal de Primera Instancia, Sala de lo Criminal, seis denuncias contra el Sr. Luis Alberto Benitez Martínez. Aunque en un inició se encontró causa para el arresto, tras una solicitud de reconsideración, la Sala de lo Criminal se declaró sin jurisdicción porque, aunque para ese momento el señor Benitez Martínez tenía veinticinco años, cuando ocurrieron los hechos imputados tenía quince años de edad. En alzada, dicho foro desestimó los proyectos de denuncia porque la Sala de Asuntos de Menores no había renunciado a su jurisdicción para que la Sala de lo Criminal pudiera asumir la suya.
El 12 de agosto de 2008, por los mismos hechos, el Procurador de Menores (Procurador) presentó contra el señor Benitez Martínez seis proyectos de queja por violación a los Arts. 83, 173 y 262 del Código Penal de Puerto Rico de 1974 (33 LPRA ants. sees. 4002, 4279 y 4523), y a los Arts. 6, 8 y 8(A) de la Ley Núm. 17 de 19 de enero de 1951, conocida como la Ley de Armas, 25 LPRA ants. sees. 416, 418 y 418a. Esta vez, las denuncias fueron presentadas ante la Sala de Asuntos de Menores. Dicho foro se declaró sin jurisdicción para celebrar la vista de determinación de causa para presentar querella. Sin embargo, el Tribunal de Apelaciones le ordenó que atendiera el caso.
En la vista de causa probable para presentar querella, no se encontró causa. Al recurrir en alzada, sí se determinó causa por todas las faltas imputadas. Tras dicha determinación, el Procurador presentó su Solicitud de Renuncia de Jurisdicción. A tales efectos, se celebró una vista adjudicativa. La Sala de Asuntos de Menores determinó que:
*236 Examinada y aquilatada la prueba documental y testifical presentada, luego de un análisis de los cuatro factores requeridos por la Ley de Menores, supra, considerando la edad actual del imputado y la falta de servicios para un adulto en un sistema de menores, el tribunal declara Con Lugar la Renuncia de Jurisdicción en el caso de autos. Los hechos particulares de este caso y las características del imputado, entendemos que, a pesar de no necesitar rehabilitación en estos momentos, en caso de hallarse incurso en las faltas imputadas este tribunal no tendría servicios que ofrecerle al imputado, por tratarse de un adulto. Resolución del TPI, Sala de Asuntos de Menores, Apéndice, págs. 108-109.
Además, concluyó que unas notas del agente que testificó en la vista no eran admisibles por carecer de suficientes garantías de confiabilidad.
Inconforme con esa determinación sobre admisibilidad, el Procurador acudió oportunamente al Tribunal de Apelaciones mediante recurso de certiorari. Alegó que la actuación de la Sala de Asuntos de Menores fue ultra vires, toda vez que no procedía suprimir evidencia en una vista de renuncia de jurisdicción, ya que la misma es de alcance limitado. En la alternativa, cuestionó los méritos de la determinación. Por su parte, el señor Benitez Martínez presentó un recurso de Apelación y Réplica al Escrito de certiorari. Solicitó la revocación de la determinación sobre renuncia de jurisdicción.
El foro apelativo denegó expedir el auto de certiorari solicitado por el Procurador y revocó el dictamen apelado por el señor Benitez Martínez. Determinó que los factores a analizar cuando se trata de la renuncia de jurisdicción de una persona que al momento de ser imputado es un adulto son los mismos que si se tratara de un menor de edad. Así, pues, concluyó que el Procurador no satisfizo el quantum de preponderancia de la prueba necesario para fundamentar la renuncia de jurisdicción. De esa forma, rechazó que la mayoría de edad sea el único factor a considerar y que la Sala de Menores deba renunciar automáticamente a su ju *237 risdicción cuando el imputado sea mayor de edad al momento de iniciarse el procedimiento en su contra.
Inconforme, el Procurador acude ante nos. Con el beneficio de la comparecencia de ambas partes, expedimos el recurso y procedemos a resolver.
II
El sistema de justicia juvenil en Puerto Rico se rige por la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 LPRA see. 2201 et seq. (Ley de Menores), y las Reglas de Procedimiento para Asuntos de Menores, 34 LPRAAp. I-A. Mediante la Ley de Menores se estableció un enfoque filosófico penal ecléctico de rehabilitación del menor a la vez que se le exige responsabilidad por sus actos. Pueblo en interés menor EALN, 187 DPR 352 (2012); Pueblo en interés menores C.L.R. y A.V.L., 178 DPR 315, 323 (2010); Pueblo en interés menor R.H.M., 126 DPR 404, 409 (1990).
La jurisdicción de la Sala de Asuntos de Menores se encuentra delimitada por el Art. 4 de la Ley de Menores, 34 LPRA see. 2204. Como regla general, esta sala atiende aquellos casos en que se le imputa a una persona menor de edad conducta constitutiva de falta en la cual incurrió antes de cumplir dieciocho años de edad. Sin embargo, la Ley de Menores reconoce expresamente instancias en las que, de forma automática, el caso será atendido en la Sala de lo Criminal como si se tratara de un adulto. A saber, cuando se le impute a un menor que haya cumplido quince años de edad haber cometido hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación; o cuando se le imputen hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y preme *238 ditación; o cuando se haya adjudicado previamente un asesinato como adulto.
La Ley de Menores reconoce, además, la posibilidad de que el Procurador solicite que la Sala de Asuntos de Menores renuncie a su jurisdicción. El Art. 15 de la Ley de Menores dispone:
(a) Solicitud por Procurador.—El Tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce (14) años y menor de dieciocho (18) años, a quien se le impute la comisión de cualquier falta Clase II o III. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de este capítulo no responderá a los mejores intereses del menor y de la comunidad.
El Procurador deberá promover la solicitud de renuncia de jurisdicción en los siguientes casos:
(1) Cuando se impute a un menor que sea mayor de catorce (14) años la comisión de hechos constitutivos de asesinato en la modalidad que está bajo la autoridad del tribunal, cualquier otro delito grave de primer grado, y cualquier otro hecho delictivo que surja de la misma transacción o evento.
(2) Cuando se impute al menor una falta Clase II o III y se le hubiera adjudicado previamente una falta Clase II o III, incurrida entre los catorce (14) y dieciocho (18) años.
El Procurador vendrá obligado a advertir al tribunal la falta de jurisdicción cuando se trata de aquellos casos excluidos de su autoridad por disposición expresa de este capítulo.
(b) Vista.—El tribunal, previa notificación, celebrará una vista de renuncia de jurisdicción.
(c) Factores a considerar.—Para determinar la procedencia de la renuncia a que se refiere el inciso (a) de esta sección, el tribunal examinará los siguientes factores:
(1) Naturaleza de la falta que se imputa al menor y las circunstancias que la rodearon.
(2) Historial legal previo del menor, si alguno.
(3) Historial social del menor.
(4) Si el historial socioemocional y sus actitudes hacia la autoridad hacen necesario establecer controles respecto a su comportamiento que no se le puedan ofrecer en los centros de custodia o en las instituciones de tratamiento social a disposición del tribunal. 34 LPRA see. 2215.
La renuncia de jurisdicción se considera una etapa crí *239 tica del procedimiento porque se trata del traslado del me-nor de una jurisdicción a otra. Pueblo en interés menor supra, pág. 411.
En cuanto al procedimiento durante la vista señalada en el citado Art. 15, la Regla 4.4 de Procedimiento para Asuntos de Menores establece que:
Durante la vista, el Procurador presentará la prueba con que cuente en apoyo de su solicitud. El menor podrá rebatir la prueba y cuestionar el contenido de los documentos presentados en evidencia, así como interrogar a las personas que suscriban informes periciales.
El Tribunal resolverá a base de la preponderancia de la prueba. 34 LPRAAp. I-A.
Por otra parte, la Ley de Menores establece en su Art. 5 (34 LPRA see. 2205) que la autoridad de la Sala de Asuntos de Menores, sobre aquellos menores sujetos a su jurisdicción, cesa cuando estos cumplan veintiún años o cuando se dé por terminada mediante orden. Ahora bien, el que la Sala de Asuntos de Menores pierda su autoridad cuando el menor cumpla veintiún años, no implica que también pierda su jurisdicción. Pueblo v. Villafañe Marcano, supra. Por eso, es una condición previa que la Sala de Menores renuncie a su jurisdicción para que luego se pueda iniciar el procedimiento ante la Sala de lo Criminal. Id. Esto, a menos que las acciones de la persona se puedan interpretar como una renuncia implícita a la jurisdicción de dicha Sala. Íd. Véanse: Pueblo v. Cruz Alicea, 170 DPR 837 (2007); Pueblo v. Suárez, 167 DPR 850 (2006).
Recordemos que
[...] es el Art. 4 de la mencionada ley [de Menores] el único que establece los parámetros de la jurisdicción del Tribunal de Menores. Mientras, el Art. 5 enmarca no el aspecto jurisdiccional del Tribunal de Menores, sino el término para la implementación del tipo y duración de la medida dispositiva que se ha de imponer. Pueblo v. Villafañe Marcano, supra, pág. 73.
Así, pues, según pautamos en Pueblo v. Villafañe Marcano, supra, cuando a una persona mayor de edad le *240 imputan una conducta delictiva que presuntamente ocurrió cuando era menor de edad y la situación se ajusta a lo establecido en el Art. 15, ya que el imputado tiene más de catorce años y se le imputa la comisión de algunas de las faltas previstas en dicho artículo, la Sala de Asuntos de Menores tiene tres posibles cursos de acción ante la solicitud de renuncia: (1) considerar cualquier moción de desestimación, declararla “ha lugar” y que así concluya el procedimiento; (2) considerar cualquier moción de desestimación, declararla “no ha lugar” y renunciar a su jurisdicción, o (3) simplemente renunciar a su jurisdicción para que la Sala de lo Criminal atienda el planteamiento. Ahora bien,
[...] en el supuesto de que decida no atender ningún planteamiento dirigido a desestimar los cargos contra la persona o que, considerado en sus méritos, el planteamiento se declare “no ha lugar”, el Tribunal de Menores no tiene otra opción que renunciar a su jurisdicción y enviar el caso al tribunal ordinario. (Enfasis en el original). Pueblo v. Villafañe Marcano, supra, pág. 75.
hH HH h-i
En el caso de autos, al señor Benitez Martínez se le imputa la comisión de faltas cuando tenía quince años de edad. Aunque a la fecha en que se inició el proceso en su contra este tenía veinticinco años, la Sala de Asuntos de Menores tenía jurisdicción para atender el caso, según el Art. 4 de la Ley de Menores, supra. Como la situación se ajustaba a lo establecido en el citado Art. 15 de la Ley de Menores, el Procurador de Menores solicitó la renuncia de jurisdicción.
Conforme a lo resuelto en Pueblo v. Villafañe Marcano, supra, la Sala de Asuntos de Menores podía atender cualquier moción de desestimación y resolverla o podía rechazar atender esos planteamientos. Sin embargo, el señor Benitez Martínez no presentó ninguna moción de desestima *241 ción. Por lo tanto, la Sala de Asuntos de Menores no tenía otra opción que renunciar a su jurisdicción y enviar el caso a la Sala de lo Criminal. Esto, pues el señor Benitez Martínez advino a la mayoría de edad y la Sala de Asuntos de Menores perdió su autoridad. Por consiguiente, es forzoso concluir que la Sala de Asuntos de Menores no tenía que realizar el análisis de los factores establecidos en el Art. 15 de la Ley de Menores, supra, pues estos sirven para analizar renuncias de jurisdicción cuando el imputado es todavía menor de edad.
Esta conclusión no solo se desprende de lo resuelto por este Tribunal en Pueblo v. Villafañe Marcano, supra, sino que es la más razonable en términos prácticos. Los factores para evaluar la renuncia de jurisdicción permiten al tribunal
[...] resolver a la luz de la totalidad de las circunstancias de cada caso si el menor es rehabilitable y, por ende, acreedor a los servicios ofrecidos por el sistema de menores o si debe responder por sus actos ante los tribunales ordinarios. Pueblo en interés menor supra, pág. 417.
Evidentemente, cuando se trata de una persona que ha cumplido los veintiún años, esta deja de ser acreedora de los servicios que ofrece el sistema de menores. Es por esto que la Sala de Asuntos de Menores pierde su autoridad. Además, realizar un análisis de los factores, en esas circunstancias, implica suponer qué hubiera ocurrido si se hubiera iniciado el proceso cuando todavía era menor de edad.
En el caso ante nos, tanto el foro primario como el intermedio analizaron los factores del Art. 15 de la Ley de Menores, supra, para determinar si procedía o no la renuncia de jurisdicción. Como ya indicamos, ese análisis no es necesario en los casos en donde se solicita la renuncia de jurisdicción sobre una persona mayor de veintiún años que presuntamente cometió unas faltas graves entre los ca *242 torce y dieciocho años. Por consiguiente, tampoco procedía la determinación de admisibilidad que realizaron los foros recurridos. La única determinación que procedía por parte de la Sala de Asuntos de Menores era renunciar a su jurisdicción.
IV
Por los fundamentos señalados anteriormente, se revoca la sentencia recurrida y se ordena el traslado del caso a la Sala de lo Criminal para que continúe con los procedimientos.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Martínez Torres emitió una opinión de conformidad.
Opinión de conformidad emitida por el
Juez Asociado Señor Martínez Torres, a la que se une el Juez Asociado Señor Rivera García.
La Opinión del Tribunal expone el derecho aplicable a la situación de hechos que nos ocupa, por lo que he votado en conformidad con ella. Hoy resolvemos que la autoridad o jurisdicción del Tribunal de Menores sobre un adulto que cometió un delito cuando era menor de edad se limita a la presentación de los cargos, seguida de una renuncia automática y el traslado del caso a la sala de adultos del Tribunal de Primera Instancia. El momento es apropiado para expandir mi expresión particular hecha en Pueblo v. Villafañe Marcano, 183 DPR 50, 76 (2011).
Me aparté, entonces, de las expresiones de este Tribunal en Pueblo en interés menor A.A.O., 138 DPR 160 (1995). Allí hicimos una distinción entre los términos “jurisdicción” y “autoridad”, empleados en los Arts. 4 y 5 de la Ley *243 Núm. 88 de 9 de julio de 1986, según enmendada, conocida como la Ley de Menores de Puerto Rico, 34 LPRA sees. 2204 y 2205. Sin embargo, hay una explicación de los Arts. 4 y 5 que evita esa caracterización y confundiría menos a la comunidad legal.
En sustancia, los términos “jurisdicción” y “autoridad” son sinónimos. La “jurisdicción” es la autoridad, es decir, el poder de un tribunal para atender un asunto. Véanse: I. Rivera García, Diccionario de términos jurídicos, Orford, Equity Publishing Co., 1976, pág. 144; Black’s Law Dictionary, (B.A. Garner, editor), 9na ed., Minnesota, West Group, 2009, pág. 927. Por eso el legislador utilizó esos términos indistintamente en la Ley de Menores. De hecho, en Pueblo en interés menor A.A.O., supra, pág. 172, dijimos que el uso de ambos términos en la ley era laxo.
La diferencia entre los Arts. 4 y 5 de la Ley de Menores, supra, es sencilla. Basta preguntarnos para qué es la jurisdicción o autoridad a la que se refiere cada artículo de la ley. El Art. 4 se refiere a “los parámetros de la jurisdicción del Tribunal de Menores” para encausar a un menor de edad. (Énfasis suprimido). Pueblo v. Villafañe Mar cano, supra, pág. 73. En cambio, el Art. 5 se refiere a la jurisdicción del Tribunal de Menores para implementar y supervisar las medidas dispositivas impuestas a los menores que son hallados incursos en faltas. A tal fin, este artículo señala en su primer párrafo que la jurisdicción del Tribunal de Menores para ejercer esa implementación y supervisión cesa cuando el menor cumple veintiún años de edad. Si intercambiamos los términos “jurisdicción” y “autoridad” en ambos artículos nada cambia. No es una cuestión de semántica sino de sustancia.
Esa explicación es cónsona con el análisis del tribunal en Pueblo v. Villafañe Marcano, supra, y en la Opinión que el Tribunal emite hoy. Por eso mi voto es de conformidad.