EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| EL Pueblo de Puerto Rico en interés del menor J.E.T.A<br><br>Peticionarios | Certiorari<br><br>2008 TSPR 163<br><br>175 DPR \_\_\_\_ |

Número del Caso: CC-2007-530

Fecha: 1 de octubre de 2008

Tribunal de Apelaciones:

        Región Judicial de San Juan/Humacao Panel V

Juez Ponente:

        Hon. Lourdes Velázquez Cajigas

Abogado de la Parte Peticionaria:

        Lcdo. Angel M. Font López

Oficina del Procurador General:

        Lcda. Zaira Z. Girón Anadón
        Procuradora General Auxiliar

Materia: Ley de menores y la Pérdida de Jurisdicción del Tribunal de Menores

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
en interés del menor J.E.T.A

    Peticionarios

                    CC-2007-530

SENTENCIA

San Juan, Puerto Rico, 1 de octubre de 2008

El 17 de agosto de 2007 expedimos el auto solicitado en el caso de epígrafe para revisar una sentencia dictada por el Tribunal de Apelaciones. En su sentencia, el Tribunal de Apelaciones revocó al Tribunal de Primera Instancia, Asunto de Menores, y ordenó el traslado del caso de epígrafe a una sala ordinaria de lo criminal del Tribunal de Primera Instancia.

Ambas partes han comparecido por lo que estamos en posición de resolver.

Evaluados los planteamientos de las partes se

dicta sentencia modificando el dictamen del Tribunal de Apelaciones a los fines de que devuelto el caso al Tribunal de Menores éste evalúe si concede la petición de renuncia de jurisdicción presentada a tenor con las disposiciones del Artículo 15 de la Ley de Menores, 34 L.P.R.A. sec. 2215, o si por el contrario, continuará atendiendo el proceso que pende ante sí.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  La Juez Asociada señora Rodríguez Rodríguez emite Opinión de conformidad a la que se une la Jueza Asociada señora Fiol Matta.  El Juez Presidente disiente sin opinión escrita.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
en interés del menor J.E.T.A

    Peticionarios

                CC-2007-530

Opinión de conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se une la Jueza Asociada señora Fiol Matta

San Juan, Puerto Rico, 1 de octubre 2008

En esta ocasión nos corresponde contestar la interrogante de si el Ministerio Público puede solicitar el traslado de un caso ventilándose ante el Tribunal de Menores a una sala ordinaria de lo criminal, luego de que el menor transgresor fuera acusado y convicto como adulto por un delito menos grave mientras pendía la acción en el Tribunal de Menores.

I

Contra el menor J.E.T.A. se presentaron dos quejas por las faltas tipificadas como actos lascivos e impúdicos, alegadamente ocurridos en los meses de octubre y noviembre de 2004, respectivamente; una

tercera queja por la falta de sodomía por alegados hechos acaecidos en enero de 2005 y una cuarta, por agresión sexual por alegada conducta incurrida en el mes de septiembre de 2005. Según surge de los pliegos de las querellas, la fecha de nacimiento del menor es el 21 de noviembre de 1987, por lo que al momento de los hechos contaba con 17 años de edad y cumpliría los 18 años el 21 de noviembre de 2005. El magistrado determinó no causa probable.

El Procurador de Menores solicitó una vista de aprehensión en alzada y en ésta se determinó causa probable el 7 de agosto de 2006. Celebrada la vista de causa probable para presentar querella bajo la Regla 2.10 de las Reglas de Menores, 34 L.P.R.A. Ap.1-A, ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Menores (Tribunal de Menores), la vista adjudicativa quedó pautada para el 18 de septiembre de 2006. Ésta no se pudo llevar a cabo en esa fecha y luego de varias suspensiones atribuibles unas a la defensa, otras al Ministerio Público y al propio tribunal, la vista quedó señalada para el 13 de diciembre de 2006.

En el ínterin y estando pendiente la vista adjudicativa del 13 de diciembre de 2006, el 5 de diciembre de 2006, se presentó una denuncia contra el peticionario por el delito menos grave de agresión, por hechos alegadamente ocurridos el 31 de agosto de 2006. Ese mismo día, el peticionario se allanó a la determinación de causa probable para el arresto, hizo alegación de culpabilidad y se le impuso la

pena de multa y el pago de la pena especial contemplada en el artículo 67 del Código Penal de 2004. En este proceso, el peticionario estuvo representado por el mismo abogado que lo representaba en el Tribunal de Menores.

Llegada la fecha de la vista adjudicativa ante el Tribunal de Menores, la representación legal de J.E.T.A. solicitó la desestimación de las querellas presentadas. Apoyó su contención en el hecho de que una vez que se presentó una denuncia contra J.E.T.A como adulto y éste fue convicto por el delito imputado, el Tribunal de Menores había perdido jurisdicción sobre él.

El Tribunal de Primera Instancia, Sala de Asuntos de Menores, acogió la moción de desestimación en corte abierta, la cual reprodujo luego por escrito. En su resolución indicó:

> A base de lo dispuesto en el Artículo 5 de La Ley de Menores y de un análisis de la jurisprudencia citada por las partes y los argumentos esgrimidos en corte abierta el Tribunal declara **HA LUGAR** la solicitud presentada por el menor por conducto de su representación legal y ordena el cierre y archivo de los casos por falta de autoridad del Tribunal de Asuntos de Menores. El procurador solicitó una renuncia de jurisdicción "sui generis" pidiéndole al Tribunal que traslade el caso al Tribunal de Primera Instancia, Salón de Sesiones de adulto. Se declara **NO HA LUGAR** dicha solicitud por entender el Tribunal que carece de autoridad para ello pues el menor cumplió los 18 años y al realizar la alegación de culpabilidad como adulto no se puede renunciar a lo que ya no se posee.

Inconforme, el Procurador General acudió ante el Tribunal de Apelaciones. Adujo que la Sala de Asuntos de Menores había errado al archivar las faltas pendientes

"declarándose sin jurisdicción o autoridad para ordenar el traslado a la sala criminal de adultos." El Tribunal de Apelaciones, en una extensa y fundamentada resolución, revocó al Tribunal de Primera Instancia, Asuntos de Menores y ordenó el traslado del caso a una sala ordinaria de lo criminal del Tribunal de Primera Instancia para la continuación de los procedimientos.

Por no estar de acuerdo con la determinación, el menor acudió ante este Tribunal. El 17 de agosto de 2007 expedimos el auto solicitado. Ambas partes han comparecido y estamos en posición de resolver, por lo que pasamos a así hacerlo.

## II

Debemos comenzar señalando que esta controversia es una recurrente. En más de una ocasión el Tribunal de Apelaciones se ha enfrentado a la misma con resultados disímiles. *E.g.*, *Pueblo en interés del menor P.L.N*, caso núm. KLCE200501099; *Pueblo en interés del menor J.R.G.*, KLCE2005-1009; *Pueblo en interés del menor*, KLCE-20050098. Con lo cual, se hace imperativo que resolvamos de forma concluyente cuál deba ser el curso apropiado en casos como éste, cumpliendo así con nuestra función principal de pautar el Derecho puertorriqueño.

Como ya hemos indicado, el caso de autos gira en torno a cómo se debe interpretar la expresión del artículo 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205, que dispone que cuando un menor se encuentra bajo la autoridad del Tribunal de Menores y es procesado y convicto como adulto, el

Tribunal de Menores "perderá automáticamente su autoridad sobre dicho menor". El peticionario, en un parco escrito de *certiorari*, arguye que cuando ello ocurre el Tribunal de Menores carece de jurisdicción sobre ese menor y no puede trasladar el asunto que pendía ante sí a una sala ordinaria de lo criminal del Tribunal de Primera Instancia. En su alegato, igualmente sucinto, nos indica que el artículo 5 de la Ley de Menores es vago al no proveer para una situación como la de autos por lo que "deben archivarse los casos ante el Tribunal de Menores." Sobre el artículo 4 de la Ley de Menores, 34 L.P.R.A. sec. 2204, nos apuntó que ésta no aplica en este caso ya que su convicción como adulto fue por delito menos grave y esta disposición se refiere a convicciones por delito grave.

El Estado, por su parte, nos expresa que una interpretación en el tenor propuesto provocaría que la conducta antisocial que se le imputa al menor quede impune. Nos advierte además, que a medida que se ha exigido mayor rigor y formalismo en los procedimientos ante la Sala de Asuntos de Menores del Tribunal de Primera Instancia y se le han reconocidos a los menores mayores garantías constitucionales, es imperativo también que se les exija, a manera de contrapeso, un mayor nivel de responsabilidad y exigibilidad por la conducta delictiva en que incurren. Por lo que aboga que se avale el traslado del asunto que se ventilaba ante el Tribunal de Menores a una sala ordinaria de lo criminal. Arguye que el cese de autoridad sobre el menor en virtud de su convicción como adulto, aun cuando

implica que ya éste no puede ser procesado como menor ni se le puede imponer una medida dispositiva, no conlleva que el Tribunal de Menores no pueda referir el caso que tiene ante su consideración a una sala de lo criminal del Tribunal de Primera Instancia.

Enmarcada la controversia bajo estos términos, pasemos a su análisis.

### III

### A

La Ley de Menores, Ley núm. 88 de 9 de julio de 1986, según enmendada, dispone en su artículo 2, 34 L.P.R.A. sec. 2202, que ésta se interpretará de conformidad con los siguientes propósitos, a saber: 1. proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; 2. proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuido y tratamiento, a la vez que se le exige responsabilidad por sus actos; 3. garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales. 34 L.P.R.A. sec. 2202. Véase también, *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 D.P.R. 990, 996-997 (1993). Estos principios teleológicos constituyen guías que encausan el ejercicio de la discreción judicial. Reflejan la noción que sostiene que compete al Estado ofrecer al menor un trato rehabilitador cuando transgrede la ley penal, a la misma vez que protege

el interés social de la comunidad de exigir responsabilidad

de quienes incurren en conducta delictiva.

El artículo 4 de la Ley de Menores, 34 L.P.R.A. sec.

2204, regula todo lo concerniente a **la jurisdicción** de la

Sala de Asuntos de Menores del Tribunal Superior.[1]

---

[1] El artículo 4 de la Ley de Menores, 34 L.P.R.A. sec. 2204, dispone:

Jurisdicción del Tribunal
*El Tribunal tendrá autoridad para conocer de*:
  (a) Todo caso en que se impute a un menor conducta que constituya falta, incurrida antes de éste haber cumplido dieciocho (18) años de edad. Dicha autoridad estará sujeta al período prescriptivo dispuesto en las leyes penales para la conducta imputada.
  (b) Cualquier asunto relacionado con menores, sitúan dispuesto mediante ley especial, confiriéndole facultad para entender en dicho asunto.

*El Tribunal no tendrá autoridad para conocer de*:
  (a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado según definido en el inciso (a) del Artículo 106 del Código Penal del estado Libre Asociado de Puerto Rico.
  (b) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado según definido en el inciso (a) del Artículo 106 del Código Penal del Estado Libre Asociado de Puerto Rico.
  (c) Todo caso en que se impute a un menor hechos constitutivos de delito cuando se le hubiere adjudicado previamente un delito grave como adulto.

En todos los casos contemplados en los incisos anteriores, el menor será procesado como adulto.

La Sala de lo Criminal del tribunal general de Justicia conservará jurisdicción sobre el menor aún cuando haga alegación de culpabilidad o medie convicción por un delito distinto al asesinato, según definido en el incisa (a) del Artículo 106 del código Penal del Estado Libre Asociado de Puerto Rico. Igualmente, conservará jurisdicción cuando el Tribunal Superior, Sala de Menores, hubiere

Establece que la Sala de Menores tendrá jurisdicción en todo caso que se le impute al menor conducta que constituya falta si fue incurrida antes de éste haber cumplido 18 años; sujeto, claro está, al término prescriptivo correspondiente. 34 L.P.R.A. sec. 2204. Allí se dispone también, que la Sala de Asuntos de Menores no tiene jurisdicción cuando los actos imputados al menor ocurren después de éste haber cumplido 18 años; o, si se le imputa asesinato en primer grado mediante deliberación y premeditación o un delito que surja de esa misma transacción o evento y el menor hubiese cumplido 15 años de edad. 34 L.P.R.A. sec. 2204.

Finalmente, el artículo 4 dispone que el Tribunal de Menores no tendrá jurisdicción en "[t]odo caso en que se impute a un menor hechos constitutivos de delito cuando se le hubiere adjudicado previamente **un delito grave como adulto.**" (Énfasis nuestro.) La profesora Nevares Muñiz nos indica lo siguiente sobre esta disposición:

> [U]na vez un menor es procesado y convicto como adulto por un delito cometido antes de su mayoría de edad, el tribunal de Menores **no tendrá jurisdicción, si posteriormente este joven es encausado por conducta constitutiva de delito cometida antes de los 18 años.** La jurisdicción penal por ese delito le corresponde al Tribunal Ordinario, ya que una vez es enjuiciado y convicto como adulto los tribunales ordinarios conservan su jurisdicción sobre ese menor ya que su adultez

> renunciado a la jurisdicción del menor y en el procedimiento ordinario como adulto al menor se le archivaran los cargos o se le encontrara no culpable.

> Cuando un magistrado determine la existencia de causa probable por un delito distinto al asesinato, según definido en el inciso (a) del Artículo 106 del Código Penal del Estado Libre Asociado, éste y cualquier otro delito que surgiere de la misma transacción se trasladará al Tribunal que ejerza su autoridad bajo las disposiciones de esta ley y éste retendrá y conservará jurisdicción, según se dispone en el Artículo 5 de esta ley.

penal es jurídicamente irreversible. (Énfasis nuestro.)

D. Nevares Muñiz, *Derecho de Menores Delincuente Juvenil y Menor Maltratado*, Instituto para el Desarrollo del Derecho, Inc., Hato Rey, 5ta ed., 2005, pág.26. Véase también, *Pueblo en interés del menor AAO, supra; Pueblo v. Figueroa González,* 95 D.P.R. 98, 107 (1967). Para todos los efectos, la convicción por delito grave provoca la adultez estatutaria del menor y en lo sucesivo toda conducta constitutiva de delito sólo se podrá tramitar en la sala de lo criminal del Tribunal de Primera Instancia.

Así pues, "jurisdicción" en el ordenamiento jurídico de menores alude "a la facultad especial de la Sala de Asuntos de Menores para entender en procesos contra éstos y se relaciona 'con la cuestión de si el menor debe ser encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal'". *Pueblo v. Suárez Alers*, res. 11 de mayo de 2006, 165 D.P.R. ___, 2006 TSPR 83. Véase, *Pueblo en interés del menor A.A.O.*, 138 D.P.R. 160, 172 (1995).

Por otro lado, el artículo 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205, dispone que Tribunal de Menores conservará su **autoridad** sobre los menores que se encuentran sujetos a las disposiciones de dicho estatuto, hasta que el menor cumpla la edad de 21 años, a menos que mediante orden al efecto, se de por terminada esa autoridad.[2] El artículo

---

[2] Específicamente, el Artículo 5 de la Ley de Menores, 34 L.P.R.A. sec. 2205, en su parte pertinente dispone que:

> En todos los casos en que un menor; **estando aún bajo la autoridad del Tribunal, sea procesado y convicto como adulto,** el Tribunal (Sala Asuntos de Menores) **perderá automáticamente su autoridad** sobre dicho menor. En estos casos, si al momento de ser acusado como adulto, el menor no presta la

especifica también que, **cuando el menor sujeto a la autoridad del Tribunal de Menores sea procesado y convicto como adulto, cesará automáticamente la autoridad del Tribunal de Menores y será puesto bajo la autoridad del Tribunal General de Justicia**. Precisamente, esta última disposición fue incorporada al artículo 5 de la Ley de Menores mediante la Ley núm. 334 de 16 de septiembre de 2004, luego de resuelto *Pueblo en interés del menor A.A.O., supra.* Véase, Nevares Muñiz, *op. cit.*, pág. 28. Se estima, que una vez "el menor ha sido juzgado y convicto como adulto, ello significa que tiene la madurez e imputabilidad requerida para ser tratado como tal…." *Ibid.* Véase además, *Pueblo en interés del menor A.A.O., supra*.

En *Pueblo v. Suárez Alers, supra*, indicamos que el concepto "autoridad" utilizado en la Ley de Menores, "se refiere a la 'supervisión, detención o custodia del menor que asume el Estado como *parens patriae*, mientras a éste se le encausa y luego de que se ha determinado que está incurso en la comisión de una falta.'" Por lo que "autoridad" apunta, esencialmente, "al tipo y la duración de la medida impuesta, una vez se determine que el menor se encuentra incurso en una falta." *Loc. cit.* Vemos así cómo ambos

fianza que le fuera impuesta, éste deberá permanecer internado en una institución de la Administración de Instituciones Juveniles hasta tanto sea convicto como adulto. Una vez sea convicto como adulto cesará la autoridad de la Administración de Instituciones Juveniles sobre dicho menor y el mismo será puesto inmediatamente bajo la autoridad del Tribunal General de Justicia. El Tribunal tomará las providencias necesarias para asegurarse de que el convicto quede bajo la custodia de la Administración. (Énfasis nuestro.)

conceptos están íntimamente relacionados pero se refieren a etapas distintas del proceso.

Para resumir, para que el Tribunal de Menores pierda su autoridad sobre un menor se requiere o que el menor advenga a la edad de 21 años o, que el tribunal emita una orden en tal sentido. O, en lo que nos atañe, que estando el menor sujeto a una medida dispositiva impuesta por el Tribunal de Menores, recaiga una convicción como adulto por cualquier delito y éste pase a estar bajo la jurisdicción y supervisión del Tribunal General de Justicia. Es decir, sobre este último inciso del artículo 5, se exige que el menor esté sujeto a una mediada impositiva que le haya sido impuesta por el Tribunal de Menores luego de su convicción por una falta, cuando sobrevenga la convicción como adulto por cualquier delito. Por el contrario, se pierde la jurisdicción sobre un menor siempre que éste sea convicto como adulto por un delito grave --lo que opera como una adultez estatutaria-- y en lo sucesivo, en virtud de ello, sólo podrá ser procesado como adulto.

En *Pueblo en interés del menor AAO, supra,* luego de analizar detenidamente las diferencias entre el concepto jurisdicción y autoridad contemplado en la Ley de Menores, concluimos que **"cuando el Tribunal emite una orden de cese de autoridad sobre un menor**, dicha orden, como regla general, tiene efecto sobre la terminación de la supervisión del Tribunal sobre el cumplimiento de una medida dispositiva en particular, **no sobre la persona del menor en asuntos posteriores."** (Énfasis nuestro.) Es

decir, esta orden no tiene el efecto de, por sí misma, "poner fin a la jurisdicción del Tribunal de Menores para atender en otras querellas." *Loc. cit.* Así por ejemplo, el Tribunal de Menores cesa su autoridad sobre el menor al término de la medida impositiva impuesta, pero podría asumir jurisdicción nuevamente en caso de una nueva querella por faltas cometidas siendo menor.

De lo anterior se colige que la convicción de un menor por un delito afecta tanto la jurisdicción del Tribunal de Menores sobre éste, así como su autoridad. Explico. En el primero de los casos, y luego de una convicción por delito grave, el Tribunal de Menores no tendrá jurisdicción para atender nuevas conductas delictivas incurridas por un menor de 18 años. Ello así, por disposición expresa del artículo 4 de la Ley de Menores. Por otra parte, la convicción como adulto, independientemente del grado del delito, afecta además la autoridad del Tribunal de Menores. Cuando ello ocurra, el cumplimiento de cualquier condición relativa a la medida dispositiva impuesta al menor por el Tribunal de Menores por una transgresión anterior, pasará a la autoridad del Tribunal General de Justicia, cesando en su autoridad la Administración de Instituciones Juveniles y la supervisión, claro está, del Tribunal de Menores. Véase, artículo 5 de la Ley de Menores. Véase también, Nevares Muñiz, *op. cit.*, pág. 36.

Además, habida cuenta que la autoridad del Tribunal de Menores sobre el menor se refiere también a la supervisión que asume el Estado como *parens patriae* mientras a éste se

le encausa, su convicción como adulto por cualquier delito puede incidir también sobre los procesos que se están ventilando cuando sobreviene la convicción como adulto, pues el menor se encuentra ya bajo la autoridad de los tribunales ordinarios cumpliendo la pena que le fue impuesta, y el Tribunal de Menores no podrá supervisar una nueva medida dispositiva. *Pueblo en interés del menor A.A.O., supra*, pág. 180. En estos casos, aun cuando se tenga jurisdicción sobre el menor, "el Tribunal de Menores no puede tratar al menor bajo su jurisdicción." *Id*.

Repasemos someramente nuestra jurisprudencia, por entender que la misma arroja luz sobre la solución adecuada a la controversia ante nuestra consideración.

B

Iniciamos, reseñando los hechos del caso *Pueblo en interés del menor A.A.O.* En este caso, el menor imputado había sido procesado como menor y se le había impuesto una medida dispositiva. Tiempo después, se presentaron varias denuncias en su contra por los delitos de asesinato, robo e infracciones a la Ley de Armas. Estas denuncias se sometieron ante el Tribunal Superior toda vez que así lo ordena el artículo 4 de la Ley de Menores al estar excluidas de la jurisdicción del Tribunal de Menores. Procesado y convicto, y mientras cumplía su sentencia, el Procurador de Menores solicitó el cese de autoridad del Tribunal de Menores.

Poco tiempo después, el Ministerio Público advino en conocimiento de que el joven había incurrido en conducta

delictiva días antes de los delitos por los que fue acusado y convicto como adulto. La controversia entonces era si se le podía instar una nueva queja en el Tribunal de Menores por las faltas incurridas ante la orden de cese de autoridad que el Tribunal de Menores había emitido. Concluimos que, en estas circunstancias, la orden dando por terminada la autoridad del Tribunal de Menores, también surtía efecto sobre su persona y no meramente sobre la querella. Ello así, ya que el cese de autoridad del Tribunal de Menores obedeció a que el menor había sido acusado y convicto por un delito lo que daba paso a que adviniera a la adultez estatutaria y pasara a la jurisdicción del Tribunal Superior, por lo que de asumirse jurisdicción **en un nuevo caso**, el Tribunal de Menores "estaría incapacitado posteriormente para supervisar cualquier medida dispositiva que se le imponga." *Pueblo en interés del menor AAO, supra.* Señalamos, específicamente, que ésta es una de las excepciones en la que el Tribunal de Menores "no puede tratar al menor bajo su jurisdicción." *Loc. cit.* En resumen, resultaba improcedente iniciar un nuevo proceso ante el Tribunal de Menores.

Recientemente, en *Pueblo en interés del menor Suárez Alers,* resolvimos que el Tribunal de Menores podía renunciar a su jurisdicción en un caso de un menor ofensor de 13 años de edad a la fecha de los hechos delictivos, pero quién había advenido a la mayoridad al presentarse la queja en su contra. La adultez natural del imputado no era impedimento para que el Tribunal de Menores evaluase una

moción de renuncia de jurisdicción presentada y remitiera el caso pendiente a una sala de lo criminal para que fuese procesado como adulto. En otras palabras, resolvimos que el Tribunal de Menores tenía jurisdicción sobre la persona adulta pues, como ya habíamos resuelto, es la edad del imputado a la fecha de los hechos uno de los criterios determinantes a la jurisdicción del Tribunal de Menores. *Pueblo en interés del menor F.R.F.*, 132 D.P.R. 172 (1993). La edad al momento de la alegada falta es lo que determina la condición de menor. *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 120 (1980); *Pueblo v. Andujar*, 80 D.P.R. 822 (1958).

En *Suárez Alers*, el Ministerio Público advino en conocimiento de unos hechos delictivos incurridos por un menor cuando ya éste era mayor de edad. El Procurador de Menores presentó una queja ante el Tribunal de Menores y luego solicitó la renuncia del tribunal a su jurisdicción a tenor con el artículo 15 de la Ley de Menores. El Tribunal de Menores renunció a su jurisdicción y refirió el caso a una sala ordinaria de lo criminal del Tribunal Superior.

Como ya adelantamos, en *Suárez Alers* concluimos que, como cuestión de hecho, el Tribunal de Menores tenía jurisdicción sobre la queja presentada en su contra no obstante ser éste mayor de edad a la fecha de presentarse la misma, pues lo relevante era cuál era la edad del menor a la fecha de los incidentes. Ello no obstante, el Tribunal de Menores no tenía autoridad para procesarle e imponerle una medida dispositiva, precisamente por haber advenido a la adultez. En estas circunstancias, procedía

que el Tribunal de Menores renunciara a su jurisdicción conforme dispuesto en el artículo 15 de la Ley de Menores. Al aplicar la normativa expuesta a los hechos específicos del caso, concluimos que era improcedente la renuncia en este caso porque a la fecha de los hechos el menor imputado contaba con 13 años y la Ley de Menores no autorizaba la renuncia de transgresores menores de 14 años. Específicamente indicamos:

> **[E]l Tribunal de Primera Instancia, Sala Superior de Aguadilla, Asuntos de Menores, aun cuando podía asumir jurisdicción en la queja instada por la Procuradora de Menores contra Suárez Alers por ser éste menor de edad al momento de los hechos, no podía bajo ningún supuesto renunciar a su jurisdicción y referir el asunto a la Sala de lo Criminal del Tribunal Superior.** Ello, ya que Suárez Alers era menor de catorce (14) años al momento de los hechos imputados y el Art. 15 de la Ley de Menores no autoriza la renuncia en estos casos.
>
> No hay duda que si la queja contra Suárez Alers hubiese sido presentada al momento de los alegados hechos delictivos, la Sala de Asuntos de Menores estaba imposibilitada de renunciar a su jurisdicción. Si era improcedente en ese momento, también lo es ahora. (Énfasis nuestro.)

Expuesto el derecho aplicable, pasemos ahora a aplicar las normas discutidas a los hechos de este caso.

## IV

Como indicamos inicialmente, en el presente caso, el 25 de enero de 2006 se presentaron sendas querellas contra el menor J.E.T.A. por las siguientes faltas: dos querellas por actos lascivos conforme el artículo 105 del Código Penal derogado, una querella por sodomía a tenor con el artículo 103 del Código Penal de 1974 y una querella por agresión sexual conforme al artículo 142 del Código Penal  vigente.

Se le imputó que incurrió en tal conducta contra el menor E.O.C.A., quien a la fecha de los hechos contaba con 9 y 10 años de edad. Pendiente la vista adjudicativa, unos días antes y ya advenido J.E.T.A. a los 18 años, éste se declaró culpable de infracción al artículo 121 del Código Penal vigente (agresión simple) por hechos ocurridos el 31 de agosto de 2006. Se le impuso como pena una multa de $100.

Es decir, en este caso el peticionario se encontraba en medio del proceso adjudicativo como menor de 21 años, cuando cumplido ya los 18, cometió un delito por el cual se declaró culpable. El Tribunal de Menores se encontraba por tanto en el válido ejercicio de su jurisdicción y autoridad sobre el menor, la cual ostentaría, de ordinario, hasta que cumpliese 21 años de edad. Ello no obstante, al momento de iniciarse la vista adjudicativa, como ya hemos visto, el menor había sido convicto de delito menos grave mas no se encontraba bajo la supervisión del Tribunal General de Justicia ya que había cumplido con la pena impuesta, es decir, había pagado la multa de $100. La interrogante que se nos plantea entonces es si ante este cuadro, el Tribunal de Menores tiene que ordenar el archivo del caso que pende ante sí, o lo puede referir a una sala ordinaria de lo criminal del Tribunal Superior luego de renunciar a su jurisdicción, o tiene jurisdicción para continuar con el proceso que se ventilaba.

El peticionario nos indica que no aplica en este caso lo dispuesto en el artículo 4 de la Ley de Menores porque su convicción fue por un delito menos grave. Tiene razón

respecto a este asunto. Este artículo es claro al ordenar el cese de jurisdicción ante la convicción por un delito grave, no cabe, por lo tanto, argumentar que en alguna medida aplica a este caso. Arguye también, que el artículo 5 tampoco regula esta controversia por ser vago, con lo cual, concluye que lo procedente es archivar el caso que estaba pendiente. En cuanto a este argumento, no tiene razón.

En estricto rigor, ni el artículo 4 ni el 5 de la Ley de Menores nos ofrece una clara respuesta a esta interrogante.[3] Somos del criterio sin embargo, que una lectura integral de ambos artículos conforme hiciéramos anteriormente, así como nuestra más reciente jurisprudencia, nos lleva a la conclusión de que nada en la Ley de Menores priva de jurisdicción al foro de menores para continuar ventilando el caso que tenía ante su consideración e imponer la medida dispositiva correspondiente, antes del menor advenir a la edad de 21 años, de estimar probado los hechos que se alegan. O, que el Tribunal el Tribunal de Menores pueda atender la petición del Procurador de Menores de renunciar a la jurisdicción del menor; claro está, cumplidos los

---

[3] Cuando una disposición estatutaria no es clara, como parece ser el caso de los artículos citados de la Ley de Menores, es deber de este Tribunal llenar las lagunas que hubiesen y armonizar aquellas disposiciones que estén o parezcan estar en conflicto. Art. 7 del Código Civil, 31 L.P.R.A. sec. 7; *Pueblo en interés del menor A.A.O.*, 138 D.P.R. 160, 176 n. 20 (1995).

requisitos dispuestos en el artículo 15 de la Ley de Menores.  34 L.P.R.A. sec. 2215.[4]

**Lo primero que debemos acotar es que una convicción como adulto por delito menos grave donde la pena impuesta fue la de multa y la misma fue satisfecha, como ha ocurrido en este caso, no supone una pérdida de jurisdicción del Tribunal de Menores sobre el menor o sobre el proceso que en su contra se ventila.** Ciertamente, ello no lo exige el artículo 4 de la Ley de Menores, pues como vimos éste ordena que la convicción sea por delito grave para que se pierda la jurisdicción.  Veamos qué limitación, si alguna, impone el artículo 5 sobre la resolución de este caso.

Reiteradamente hemos expresado que "la autoridad" a que se refiere la Ley de Menores, es a la supervisión que este foro ejerce sobre las medidas impositivas que se imponen a los menores que han incurrido en conducta delictiva.  Esta supervisión se afecta una vez el menor pasa a la supervisión del Tribunal General de Justicia, para cumplir con la sentencia que como adulto se le ha impuesto.  En otras palabras, si un menor se encuentra cumpliendo una medida impositiva como menor y es procesado y convicto como adulto, por cualquier delito, éste pasa inmediatamente a estar bajo la autoridad del Tribunal General de Justicia para cumplir su pena, cesando la autoridad del Tribunal de

---

[4] El artículo 15 de la Ley de Menores, 34 L.P.R.A. sec. 2215, regula el proceso mediante el cual el Procurador de Menores solicita la renuncia de jurisdicción del Tribunal de Menores, así como establece cuáles son los factores que debe ponderar ese foro a la hora de hacer tomar su decisión.

Menores.  Siendo este el alcance del artículo 5, el mismo no aplica al caso de autos, pues como ya dijimos, el peticionario no se encuentra bajo la supervisión del Tribunal General de Justicia habida cuenta que ya cumplió con la pena impuesta.

A tenor con lo anterior, somos del criterio que dado los hechos de este caso, el Tribunal de Menores no ha perdido ni su jurisdicción ni su autoridad sobre el peticionario.  Por lo tanto, nada impide que el foro de menores, cumplido con los requisitos del artículo 15 de la Ley de Menores, evalúe renunciar a su jurisdicción según se le ha solicitado o continúe con el procedimiento que tenía pendiente.  Esta valoración se enmarca, como sabemos, en una determinación sobre cómo se sirven y adelantan "los mejores intereses del menor y de la comunidad."  34 L.P.R.A. sec. 2215.

Unas observaciones finales, el peticionario nos solicita que se desestimen las quejas pendientes en su contra porque según él, la Ley de Menores es vaga sobre este asunto.  Ya hemos visto, de la discusión que antecede, que él no tiene razón en su argumento.  Consignamos además, que no podemos validar esta petición pues la misma no es otra cosa que concluir, que la Ley de Menores le concede un especial fuero al menor que es procesado y convicto como adulto por delito menos grave.  "Nuestro ordenamiento jurídico no requiere tan peregrino resultado, en el que se le confiere a un adulto inmunidad absoluta de que se le

juzgue en tribunal alguno…." *Pueblo v. Agosto Vázquez,* 112 D.P.R. 57, 58 (1982).

El fin de la Justicia es la búsqueda de la verdad para adelantar el bien común.  En esta grave encomienda, la carambola, la argucia y el artificio, no son ni pueden ser valores que permitan derrotar los principios fundamentales que animan la Ley de Menores.  Nuestra decisión obedece no tan sólo a nuestra interpretación del texto de las disposiciones aplicables, sino también, al sentir que permea el sistema de justicia juvenil.

En atención a la discusión que precede, procede que modifiquemos la sentencia dictada por el Tribunal de Apelaciones y se devuelva el caso al Tribunal de Menores para procedimientos ulteriores acordes a lo aquí dispuesto, conforme se dispone en la sentencia dictada.


                                    Anabelle Rodríguez Rodríguez
                                           Juez Asociada