Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>**Peticionario**<br><br>En interés del menor AHCE<br><br>Recurrido | TA2025CE00302 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.: J2023-0019 al 0026<br><br>Por: Art. 190 (B) Código Penal y otros |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de octubre de 2025.

Comparece ante nos el Pueblo de Puerto Rico y el Departamento de Corrección y Rehabilitación "DCR" representado por la Oficina del Procurador General de Puerto Rico (en conjunto "los Peticionarios", o "la agencia") mediante *Petición de Certiorari* presentada el 15 de agosto de 2025. Nos solicita que revoquemos la *Resolución* emitida el 15 de julio de 2025 y notificada el 17 de julio del mismo año por el Tribunal de Primera Instancia, Sala de Asuntos de Menores de Caguas ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* la solicitud presentada por el DCR para ingresar inmediatamente al joven AHCE ("el Recurrido") al sistema correccional de adultos. Conforme surge de la aludida moción, el DCR cuestionó la autoridad del tribunal de menores para ordenar el ingreso del joven AHCE a una institución juvenil, cuando éste cumple una medida dispositiva impuesta por faltas cometidas durante su minoridad, y al cual también se le dictó una sentencia por delitos cometidos alcanzada la edad de dieciocho (18) años.

Por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la *Resolución* recurrida.

**I.**

Por hechos ocurridos en Caguas, Puerto Rico, el 26 de julio de 2023, el Ministerio Público presentó siete (7) quejas contra el entonces menor transgresor AHCE.  Las quejas se presentaron por faltas al Artículo 93 (B) y el Artículo 190 (E), este último en su modalidad de tentativa grave, del Código Penal de Puerto Rico, 33 LPRA secs. 5142 y 5260 ("Código Penal"), y por infracción a los Artículos 6.05 y 6.14 (A) de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, 25 LPRA secs. 466d y 466m.[1]  Por todo lo anterior, el 20 de diciembre de 2024, el Tribunal de Menores, mediante *Resolución*, dictó una **medida dispositiva** de tres (3) años concurrentes.[2]

Así las cosas, mientras AHCE cumplía con la medida dispositiva impuesta, éste se declaró culpable por infracción a los Artículos 108, 177 y 246 (a) del Código Penal, *supra*, por hechos ocurridos en Ponce, Puerto Rico, el 26 de julio de 2024 y el 16 de octubre del mismo año.  Surge del expediente, que para esa fecha, AHCE ya había alcanzado la edad de dieciocho (18) años.[3]  Por consiguiente, el Tribunal Superior de Ponce lo **sentenció** a seis (6) meses de cárcel a cumplirse de manera concurrente y "**consecutivamente con cualquier otra pena que estuviera cumpliendo**".[4] El Tribunal Superior de Ponce también ordenó "que el sentenciado sea trasladado sin demora al cuidado del funcionario correspondiente y sea detenido por éste hasta que la sentencia se

---

[1] Véase, Entrada 1 del Sistema Uniforme de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA), *Petición de Certiorari*, págs. 3-4. También, véase, Apéndice del Recurso, Anejos 1,1.1 al 1.7: *Querellas* (Caguas).

[2] *Íd.*, Anejo 3. *Resolución* de 20 de diciembre de 2024.

[3] *Íd.*, Anejos 4-7: *Querellas* (Ponce).

[4] *Íd.*, Anejos 8-11: *Sentencias* (Ponce).

hubiere cumplido". [5]  Acto seguido, el DCR entregó la custodia de AHCE a una institución penal de adultos.

En vista de lo anterior, el 11 de febrero de 2025, el Tribunal de Menores emitió *Citación* y ordenó la comparecencia del DCR para que explicara la entrega de la custodia del joven AHCE a una institución penal de adultos, cuando aún tenía una medida que cumplir como menor.[6] En vista de ello, se ordenó la comparecencia para el 4 de marzo de 2025.

En respuesta, el DCR presentó *Urgente Moción de Reconsideración*.[7] Arguyó que el Artículo 5 de la *Ley de Menores de Puerto Rico*, Ley Núm. 88 de 9 de julio de 1986, según enmendada, 34 LPRA sec. 2205 ("Ley Núm. 88") y la jurisprudencia obligan la transferencia de AHCE al sistema correccional de adultos.  Por consiguiente, solicitó que se dejara sin efecto la citación.

Independientemente de la petición anterior, la vista se llevó a cabo el 4 de marzo de 2025.  El Ministerio Público insistió en que colocar al joven AHCE en una institución de menores, cuando fue sentenciado como adulto, se traduce en una violación al caso civil federal 94-2080[8] y a la Ley Núm. 88, *supra.*  Indicó que la Ley 178-2011, enmienda a la Ley Núm. 88, *supra,* sostiene este razonamiento y que su incumplimiento expone al DCR a multas. Sostuvo que "los menores son hasta los 18 años".[9] Por su parte, el tribunal indicó que "**la Ley Núm. 88, *supra*, fue derogada por una ley nueva**".[10]  También puntualizó que el joven tiene menos de

---

[5] *Íd.*

[6] *Íd.*, Anejo 12.  *Citación de* 11 de febrero de 2025.

[7] *Íd.*, Anejo 13.

[8] *United States v. Puerto Rico*, No. CV 94-2080 (GAG), 2020 WL 6948174 (D.P.R. Nov. 11, 2020).

[9] Véase, Entrada 5, SUMAC-TA, Apéndice del *Escrito en Oposición a Expedición de Certiorari.* Anejo II.  *Minuta* de 4 de marzo de 2025, pág. 3.

[10] *Íd.*  También, véase, regrabación de la vista llevada a cabo el 4 de marzo de 2025, min 0:06:40 - min 0:7:08.  Desde el min 0:11:00 – min 0:12:01, el tribunal reitera que la Ley Núm. 88 está derogada y que la Ley Núm. 47-2022 es la que está vigente.  La Ley Núm. 47-2022 es una enmienda a la Ley Núm. 88. Las enmiendas contempladas en la Ley Núm. 47-2022 no disponen la derogación de la Ley Núm. 88.

veintiún (21) años. El Ministerio Público ripostó que no tienen una institución para el tipo de población en las circunstancias de edad, cumplimiento y conflicto de ubicación que enfrenta el joven AHCE. No obstante, indicó que el joven no dejará de recibir los servicios, aunque lo mantienen en aislamiento debido a estas circunstancias descritas previamente. El Tribunal de Menores subrayó que "algo administrativo no puede limitar la capacidad de una agencia de poder rehabilitar a la gente que esté allí".[11]

Luego de escuchados los argumentos de las partes, el Tribunal de Menores emitió *Resolución y Orden* el mismo día de la vista, a saber, el 4 de marzo de 2025.[12] Ordenó el traslado del joven AHCE de una institución de adultos a una institución juvenil. Determinó que, una vez cumplida la medida dispositiva, el Recurrido se trasladaría a la institución de adultos para el cumplimiento de la pena impuesta por los demás delitos por los que fue sentenciado como adulto, a tenor con la **"Regla 8.5 de la Ley 88 del 9 de julio de 1986."**[13]

Posteriormente, el 18 de marzo de 2025, se celebró una vista de *Habeas Corpus*, a petición de la defensa del joven AHCE.[14] Una vez más, el Ministerio Público argumentó que, en virtud del Artículo 5 de la Ley Núm. 88, *supra,* si a un menor se le sentencia como adulto, indistintamente del delito cometido, las instituciones juveniles pierden jurisdicción. Distinguió que, si el joven es declarado no culpable por los delitos imputados como adulto, las instituciones juveniles continúan con la autoridad en el caso. De

---

[11] Véase, Entrada 5, SUMAC-TA, Apéndice del *Escrito en Oposición a Expedición de Certiorari*. Anejo II. *Minuta* de 4 de marzo de 2025, pág. 3.

[12] Véase, Entrada 1, SUMAC-TA, Apéndice del Recurso, Anejo 14. *Resolución y Orden* de 4 de marzo de 2025. La determinación indica que fue reducida a escrito el 7 de marzo de 2025.

[13] Citamos según aparece en la *Resolución y Orden*. Entendemos que pretende referirse a la Regla 8.5 de las Reglas de Procedimiento para Asuntos de Menores, según enmendadas, 34 LPRA Ap. I-A, R 8.5.

[14] *Íd.*, Anejo 16. Petición *Habeas Corpus*, presentada por el recurrido el 17 de marzo de 2025. En ella, la defensa del joven AHCE planteó que no se le había traslado aún a una institución juvenil, contrario a lo ordenado en corte abierta.

igual forma, de la *Minuta* de la vista, se desprende que el Tribunal de Menores dispuso lo siguiente:

> El tribunal archiva la sentencia emitida por el Tribunal de Ponce en el caso JIC2024G0005 por la Regla 247 de las de Procedimiento Civil.
> Se ordena el traslado inmediato del joven a Instituciones Juveniles para cumplir su sentencia en los casos J2024-0005 Art. 93 B. [15]

Ese mismo día, el Tribunal Superior de Ponce, emitió *Sentencia de Archivo y Sobreseimiento del Caso*.[16]

En el ínterin, el 23 de abril de 2025, mediante *Resolución*, el Tribunal Superior de Ponce dejó sin efecto la *Sentencia de Archivo y Sobreseimiento del Caso* emitida previamente.[17]

Luego de varios trámites procesales, el 20 de mayo de 2025, el Recurrido presentó *Moción en Cumplimiento de Orden*.[18] Puntualizó que, el DCR se encontraba en incumplimiento con el mandato del Tribunal de Menores, pues al joven AHCE se le mantenía "segregado". Entre otras cosas, también esbozó lo siguiente:

> 20. En el caso de autos la sentencia de archivo y sobreseimiento dictada el 18 de marzo de 2025 advino final y firme. Ninguna de las partes recurrió de tal dictamen. Con posterioridad fue dejada sin efecto, pero el estado de derecho formado por la misma se convirtió en "la ley del caso".

(Subrayado en el original).

El 10 de julio de 2025, el Ministerio Público informó mediante *Moción en Cumplimiento de Orden y Solicitud de Ingreso Inmediato a Institución de Adultos*,[19] que actualmente el joven AHCE permanece bajo custodia en un centro de detención de menores. No obstante, disputó que, **al dejarse sin efecto la sentencia de archivo**,[20] el

---

[15] Véase, Entrada 5, SUMAC-TA, Apéndice del *Escrito en Oposición a Expedición de Certiorari*. Anejo III. *Minuta* de 18 de marzo de 2025.
[16] Véase, Entrada 1, SUMAC-TA, Apéndice del Recurso, Anejo 20. *Sentencia Archivo y Sobreseimiento del caso.*
[17] Véase, Entrada 1, SUMAC-TA, Apéndice del Recurso, Anejo 21. *Resolución* de 23 de abril de 2025.
[18] *Íd.*, Anejo 25.
[19] *Íd.*, Anejo 27.
[20] Según consta en la *Resolución* de 23 de abril de 2025. Véase, Entrada 1, SUMAC-TA, Apéndice del Recurso, Anejo 21.

Tribunal de Menores carece de jurisdicción, por lo que la custodia del menor debe ser asumida por el sistema correccional de adultos. Agregó que estaría separado de la población adulta general y que podrá cumplir su medida con los debidos resguardos.

Por su parte, el 11 de julio de 2025, el Recurrido presentó *Urgente Moción en Oposición* y contendió el petitorio del DCR. En lo pertinente, se opuso a la segregación del menor y suplicó que se atendiera la moción que presentó el 20 de mayo de 2025, "en sus méritos" (subrayado en el original).[21]

Así pues, ese mismo día, notificada el 17 de julio del mismo año, el Tribunal de Menores declaró *No Ha Lugar* la moción presentada por el DCR y mantuvo la *Resolución* dictada el 4 de marzo de 2025.[22]

Posteriormente, el 15 de julio de 2025, notificada el 17 de julio del mismo año, el foro primario emitió *Resolución*.[23] En ella, dictó que el derecho citado por el DCR no constituye derecho vigente y que su petición es contraria a la justicia y al bienestar del menor incurso en el caso. También, señaló una vista de seguimiento para el 19 de agosto de 2025.

Insatisfechos, el 15 de agosto de 2025, los Peticionarios presentaron *Petición de Certiorari*, y formularon el siguiente señalamiento de error:

> El Tribunal de Menores erró y abusó de su discreción al impedir que AHCE fuera trasladado a una institución de adultos, a pesar de que perdió su autoridad sobre este cuando fue encontrado culpable como adulto por otro tribunal, en conformidad con lo dispuesto en el Artículo 5 de la Ley de Menores, *supra.*

También, la agencia anunció la presentación física de la regrabación de los procesos.[24]

---

[21] *Íd.*, Anejo 28.
[22] *Íd.*, Anejo 29.
[23] *Íd.*, Anejos 2 y 2.1.
[24] Véase, Entrada Núm. 2, SUMAC-TA. *Moción Informativa* de15 de agosto de 2025. Las regrabaciones corresponden a las vistas de 4 de marzo de 2025, 18 de marzo de 2025 y 6 de mayo de 2025.

Subsiguientemente, el 20 de agosto de 2025, esta Curia mediante *Resolución,* otorgó hasta el 29 de agosto de 2025 a la parte Recurrida para mostrar causa por la que no debíamos expedir el auto de *certiorari* y revocar la determinación impugnada.[25]

En cumplimiento con lo anterior, el 29 de agosto de 2025, AHCE instó *Escrito en Oposición a Expedición de Certiorari.*[26] Solicitó que se declare sin lugar la petición de *certiorari* y que se confirme la determinación de mantener a AHCE en una institución juvenil hasta que termine el cumplimiento de su medida dispositiva. Se amparó en que la determinación del Tribunal de Menores era cónsona al mejor bienestar del menor y al principio de rehabilitación.

Con el beneficio de la comparecencia de ambas partes y la regrabación de los procesos ante el Tribunal de Menores, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.

### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del

---

[25] Véase, Entrada Núm. 3, SUMAC-TA. *Resolución* emitida el 20 de agosto de 2025 y notificada el 25 de agosto de 2025.
[26] Véase, Entradas Núm. 4 y 5, SUMAC-TA. El contenido aparenta estar duplicado.

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. *Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711-713 (2019).

### B. *Ley de Menores de Puerto Rico, autoridad y jurisdicción*

La Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como *Ley de Menores de Puerto Rico*, 34 LPRA sec. 2201, *et seq.* (en adelante, "Ley Núm. 88"), establece el deber del Estado en ofrecer nuevas alternativas de tratamiento que propicien la rehabilitación de la población juvenil transgresora. No obstante, para aquellos casos excepcionales, en que luego de haberse agotado los recursos disponibles mediante esta Ley, y que, por su conducta antisocial reiterada, su edad y naturaleza de la falta se entienda que el menor no pueda beneficiarse del sistema, se establece el mecanismo de renuncia o cese de jurisdicción. Véase, Exposición de Motivos de la Ley de Menores, *supra*.

En concreto, el Artículo 3 de la aludida legislación define a un **menor** como una persona que no ha cumplido dieciocho (18) años

de edad, o que, habiéndola cumplido, sea llamada a responder por una falta cometida antes de cumplir esa fecha. Artículo 3, 34 LPRA sec. 2203 (o). Se entenderá por **falta** la infracción o tentativa de infracción por un menor de las leyes penales, especiales u ordenanzas municipales de Puerto Rico, excepto las infracciones o tentativas excluidas por ley. Artículo 3, 34 LPRA sec. 2205 (i).

La pieza legislativa extiende una **autoridad limitada** al Tribunal de Menores en los casos de menores transgresores traídos ante su atención. El Artículo 4, 34 LPRA sec. 2204, detalla la facultad del Tribunal para conocer y manejar judicialmente el caso de un menor transgresor. Seguidamente, el Artículo 5 de la precitada Ley decreta determinantemente el siguiente límite:

> [...] En todos los casos en que un menor, estando aún bajo la autoridad del tribunal, sea procesado y convicto como adulto, el Tribunal (Sala Asuntos de Menores) **perderá automáticamente su autoridad sobre dicho menor**. Artículo 5, 34 LPRA sec. 2205. (Énfasis nuestro).

Sobre la custodia o tenencia física del menor transgresor, la misma porción de Ley dispone lo siguiente:

> [...] Una vez sea convicto como adulto el menor permanecerá bajo la **custodia** del Departamento de Corrección y Rehabilitación para **terminar de cumplir**, **en la corriente de adulto**, **la medida dispositiva dictada por el Tribunal** y, una vez cumplido este término, consecutivamente comenzará a cumplir con la sentencia por el otro delito cometido. [...]. Artículo 5, *supra*. (Énfasis nuestro).[27]

El Tribunal Supremo de Puerto Rico ha distinguido entre los conceptos "jurisdicción" y "autoridad" contenidos en los Artículos 4 y 5 de la Ley Núm. 88. Sobre lo anterior, en *Pueblo v. Villafañe Marcano*, 183 DPR 50, 63-64 (2011), citando a *Pueblo en interés menor A.A.O.*, 138 DPR 160, 172 (1995) y *Pueblo v. Suárez*, 167 DPR

---

[27] Esta redacción del Artículo 5 de la Ley 88 se ha sido mantenido desde las enmiendas presentadas en virtud del *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA, Ap. XVIII, *et. seq.* (Ley 2-2011) y la Ley 178-2011.

850, 858 (2006), nuestro Máximo Foro dictó lo siguiente sobre el Artículo 4 de la Ley de Menores:

> [...]Ahora bien, lo que realmente es pertinente al caso que nos ocupa es que en *Pueblo en interés menor A.A.O.,* supra, también establecimos —por primera vez con meridiana claridad— la realidad de que *el concepto "jurisdicción" al que se refiere el Art. 4 de la Ley de Menores,* supra, y el concepto "autoridad" del Art. 5 de dicha ley, aunque íntimamente relacionados, no son análogos.   En ese caso, reiterado posteriormente en *Pueblo v. Suárez,* 167 D.P.R. 850, 858 (2006), también definimos el concepto "**jurisdicción**", utilizado en el **Art. 4 de la Ley de Menores**, *supra*, señalando que éste "se refiere a la **facultad especial de la Sala de Asuntos de Menores** para entender en procesos contra éstos y se relaciona 'con la cuestión de si el menor debe ser **encausado dentro del sistema de justicia juvenil o en el sistema de justicia criminal'**".   Dicho de otro modo, "la jurisdicción es determinante al decidir quién debe ser encausado como menor o, por el contrario, como adulto".
>
> Por último, y muy pertinente a la controversia que nos ocupa, en *Pueblo en interés menor A.A.O,* supra, señalamos que los conceptos "jurisdicción" y "autoridad"
>> ... se refieren a **etapas distintas del proceso**: la **jurisdicción** determina quién debe ser **encausado** dentro del sistema de justicia juvenil y la **autoridad** define el **tipo y la duración de la medida impuesta** una vez se determine que éste se encuentra incurso en falta.  (Énfasis nuestro).

Establecido lo anterior, también citando la jurisprudencia anterior, nuestro más Alto Foro interpretó el Artículo 5 de la Ley de Menores.

> Por otro lado, y respecto al concepto "**autoridad**" **del Art. 5 de la Ley de Menores**, *supra*, en *Pueblo v. Suárez,* supra, pág. 859 esc. 1, citando nuevamente a *Pueblo en interés menor A.A.O,* supra, pág. 172, señalamos que "'[e]l concepto "**autoridad**" utilizado en el estatuto [Art. 5 de la Ley de Menores] se refiere a la "**supervisión", detención o custodia del menor que asume el Estado como *parens patriae*, mientras a éste se le encausa y luego de que se ha determinado que está incurso en la comisión de una falta'**". Asimismo, concluimos que este concepto "se refiere al tipo y a la duración de la medida impuesta una vez se determine que el menor se encuentra incurso en una falta". Por lo tanto, el concepto "**autoridad**" del Art. 5 de la Ley de Menores, *supra*, no se refiere al aspecto jurisdiccional del Tribunal de Menores, sino al término

para la **implementación** del tipo y la duración de la medida dispositiva. (Énfasis nuestro).

Por otro lado, en *Pueblo en interés menor LAMB*, 188 DPR 232, 243 (2013), el Tribunal Supremo de Puerto Rico, en Opinión de conformidad,[28] se expresó nuevamente sobre los Artículos 4 y 5 de la Ley de Menores respecto al Tribunal de Menores:

> La diferencia entre los Arts. 4 y 5 de la Ley de Menores, *supra*, es sencilla. Basta preguntarnos *para qué* es la jurisdicción o autoridad a la que se refiere cada artículo de la ley. El Art. 4 se refiere a "los parámetros de la *jurisdicción* del Tribunal de Menores" para encausar a un menor de edad. (Énfasis suprimido). *Pueblo v. Villafañe Marcano*, supra, pág. 73. En cambio, **el Art. 5 se refiere a la *jurisdicción* del Tribunal de Menores para implementar y supervisar las medidas dispositivas impuestas a los menores que son hallados incursos en faltas.** A tal fin, este artículo señala en su primer párrafo que la *jurisdicción* del Tribunal de Menores para ejercer esa implementación y supervisión cesa cuando el menor cumple veintiún años de edad. Si intercambiamos los términos "jurisdicción" y "autoridad" en ambos artículos nada cambia. No es una cuestión de semántica sino de sustancia.

### III.

En el presente recurso, los Peticionarios nos solicitan que revoquemos una *Resolución* dictada por el Tribunal de Menores en la cual declaró *No Ha Lugar* una moción instada por el DCR para el ingreso del joven AHCE a una institución correccional para adultos. Nos presenta, como único señalamiento de error, que el Tribunal de Menores incidió al carecer de autoridad para emitir la instrucción de traslado del joven AHCE a una institución juvenil mediante la determinación recurrida. Veamos.

La Ley Núm. 88, *supra*, aspira a la compatibilidad entre la rehabilitación y el cumplimiento de los menores ante la comisión de acciones antijurídicas. Véase, Exposición de Motivos de la Ley de Menores, *supra*. Asimismo, este estatuto otorga facultades a sus

---

[28] Emitida por el Juez Asociado Señor Martínez Torres, a la que se unió el Juez Asociado Señor Rivera García.

operadores para el tratamiento de tan delicada tarea. Según dispone el aludido estatuto, los Tribunales de Menores atienden el quehacer judicial en torno al joven transgresor. Su limitación jurisdiccional dependerá de las causas y circunstancias nombradas en Ley Núm. 88, según enmendada, *supra*. Algunas de esas condiciones comprenden la edad o el tipo de acción ilegal cometida por el joven infractor.

En el caso de marras, el Tribunal de Menores impuso una medida dispositiva al joven AHCE por **faltas** incurridas durante su minoridad. Posteriormente, otro tribunal sentenció al joven AHCE por **delitos** cometidos como adulto.

Conforme a lo antes expuesto, el DCR procedió a trasladar al joven AHCE a una institución correccional de adultos. Ante dicha acción, el Tribunal de Menores citó al DCR para que explicara la entrega del menor a la institución correccional de adultos,[29] pues el joven AHCE aún se encuentra en proceso de cumplimiento de la medida dispositiva, la cual culmina el 26 de agosto de 2026.[30] En audiencia judicial, el Tribunal de Menores expresó que la Ley Núm. 88-1986 estaba derogada por la Ley Núm. 47-2022.[31] Discrepamos enfáticamente de esta expresión. No es correcta en derecho.

La Ley Núm. 88 es el marco legal vigente que atiende el Sistema de Justicia Juvenil y dispone los derechos básicos a los cuales éstos tienen derecho. Tras analizar el tracto legislativo, es preciso dejar meridianamente claro que erró el foro *a quo* al

---

[29] Véase, Entrada 1, SUMAC-TA, Apéndice de la *Petición de Certiorari*, Anejo 12. *Citación* de 11 de febrero de 2025.

[30] Véase, Entrada 5, SUMAC-TA, Apéndice del *Escrito en Oposición a Expedición de Certiorari*. Anejo V. *Informe de Evaluación para el Proyecto de Reinserción y Centro de Tratamiento Residencial de Arecibo*.

[31] Véase, Entrada 5, SUMAC-TA, Apéndice del *Escrito en Oposición a Expedición de Certiorari*. Anejo II. *Minuta* de 4 de marzo de 2025, pág. 3. También, véase, regrabación de la vista llevada a cabo el 4 de marzo de 2025, min 0:06:40 - min 0:7:08. Desde el min 0:11:00 – min 0:12:01, el tribunal reitera que la Ley Núm. 88 está derogada y que la Ley Núm. 47-2022 es la que está vigente. La Ley Núm. 47-2022 es una enmienda a la Ley Núm. 88. Las enmiendas contempladas en la Ley Núm. 47-2022 no disponen la derogación de la Ley Núm. 88.

establecer repetidamente que "**la Ley Núm. 88,** *supra,* **fue derogada por una ley nueva"**. La nueva ley a la que el foro primario hace referencia es Ley Núm. 47-2022. Esta, es meramente una enmienda a ciertos incisos de la Ley Núm. 88, *supra.* No consta en la aludida Ley 88, cláusula derogatoria alguna. Por tanto, colegimos que precisa aclarar que el ordenamiento jurídico vigente en torno al sistema juvenil judicial es la Ley 88, *supra,* con todas sus enmiendas. Como corolario de lo anterior, el Artículo 5 de la Ley Núm. 88, citado por el DCR para sostener su autoridad sobre el traslado del joven AHCE, apoya este proceder.

Destacamos el pronunciamiento del Tribunal Supremo de Puerto Rico sobre el Artículo 5 en donde el concepto "autoridad" contempla "custodia" en el derecho que antecede estas líneas. Sobre esta custodia, el Artículo 5 también incluye la instrucción que hacemos referencia a continuación:

> [...] **Una vez sea convicto como adulto** el menor permanecerá bajo la **custodia** del Departamento de Corrección y Rehabilitación para **terminar de cumplir**, **en la corriente de adulto**, **la medida dispositiva dictada por el Tribunal** y, una vez cumplido este término, consecutivamente comenzará a cumplir con la sentencia por el otro delito cometido. [...]. Artículo 5, *supra.* (Énfasis nuestro).[32]

Apoyados en esta premisa, concluimos que el DCR es quien tiene la autoridad y clara instrucción de ubicar al joven AHCE en una institución de adultos, por lo que el Tribunal de Menores excedió su autoridad al obligar a la agencia a la ubicación del joven AHCE en una institución juvenil. Cabe destacar que las sentencias emitidas por el Tribunal de Ponce ordenan "[...]sea trasladado sin demora al cuidado del funcionario correspondiente [...]"[33], lo que

---

[32] Esta redacción del Artículo 5 de la Ley 88 ha sido mantenido desde las enmiendas presentadas en virtud del *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA, Ap. XVIII, *et. seq.* (Ley 2-2011) y la Ley 178-2011.

[33] Véase, Entrada 1, SUMAC-TA, Apéndice del Recurso, Anejos 8-11: *Sentencias* (Ponce).

interpretamos como seguimiento al cumplimiento de la función que en Ley ha sido delegada al DCR.

Por lo antes expuesto, el foro recurrido incurrió en el error señalado por los Peticionarios.

**IV.**

Por los fundamentos antes expuestos, **expedimos** el auto de certiorari y **revocamos** la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones